In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3543

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

CHARLES W. ROBERTSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:93CR40045-001-JPG—**J. Phil Gilbert**, *Judge*.

SUBMITTED JULY 20, 2011—DECIDED AUGUST 15, 2011

Before POSNER, KANNE, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. This appeal challenges the decision of the district judge, upon revoking the defendant's supervised release, to sentence him to a term of reimprisonment above the range recommended by the Sentencing Commission.

In 1993 the defendant was convicted of growing 228 marijuana plants and was sentenced to 120 months in prison and 8 years of supervised release. In Septem-

ber 2009, just days before his term of supervised release was scheduled to end, police arrested him while he was tending 52 large marijuana plants. The government filed a petition to revoke his supervised release. He admitted the petition's allegations and later pleaded guilty to a new charge of growing marijuana. The district judge sentenced him to 30 months in prison on the new charge and, consecutive to that term, 34 months as punishment for violation of the terms of supervised release, minus 4 months for time that he had served in a related state case; so the length of the sentence actually imposed was 60 months.

The defendant's only challenge on appeal is to the length of the term of reimprisonment. We consider whether the district judge failed to explain why this is anything other than a mine-run revocation case for which the term of reimprisonment recommended in the Sentencing Guidelines would be sufficient punishment. The recommended term is only 12 to 18 months, U.S.S.G. § 7B1.4, though the statutory maximum is three years. 18 U.S.C. § 3583(e)(3); see *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007); *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008).

The judge didn't give a reason for the 34-month term, and made just four, brief remarks that might supply clues to his thinking. The first is that he was "baffled" that the defendant would continue growing marijuana after spending eight years in prison for that crime. The second remark, which followed immediately and merely repeated the first in different words was: "why did

you even consider doing this again?" The defendant replied that he had grown marijuana because "he just liked the way the plant looked" and he "liked to smoke it," whereupon the judge asked him sarcastically whether he had "ever thought about growing gardenias or something legal versus growing marijuana" and added (this was his fourth remark) "you could have grown roses." Without further explanation the judge stated: "with respect to the revocation, the Court is going to sentence you to 34 months."

Appellate review of a sentence for violating the terms of supervised release is highly deferential—we have suggested that it might be comparable to "the narrowest judicial review of judgments we know," namely judicial review of sanctions imposed by prison disciplinary boards. *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007). We explained that "the Sentencing Commission's decision not to issue [formal] Guidelines implies that the sentencing court should have more than usual flexibility in sentencing for violations of conditions of supervised release; and the maximum sentence is only five years, and the shorter the sentence, and hence the less there is at stake, the fewer the layers of judicial review necessary to satisfy the requirements of due process of law." *Id*. (citations omitted). The Guidelines do recommend, as we noted, a sentencing range for violations of supervised release, but these recommendations are made in what the Commission calls "policy statements," which are merely "advisory" and hence "nonbinding." *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *United States v. Robertson*, 537 F.3d 859, 861

(8th Cir. 2008); *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006). True, under the regime of *Booker*, all the Sentencing Guidelines now are non-binding, but presumably the ones the Sentencing Commission made non-binding even before *Booker* are intended to be given even less consideration by sentencing judges.

But less is not zero. Whatever the precise standard of review, the sentencing judge must consider the statutory sentencing factors, 18 U.S.C. § 3553(a)—and, the cases say, the policy statements as well, *United States v. Flagg*, *supra*, 481 F.3d at 948; *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010); *United States v. McKinney*, *supra*, 520 F.3d at 427-28—and must, moreover, say *something* that enables the appellate court to infer that he considered both sources of guidance. *United States v. Neal*, 512 F.3d 427, 438-39 (7th Cir. 2008); *United States v. Penn*, 601 F.3d 1007, 1011 (10th Cir. 2010); *United States v. Polihonki*, 543 F.3d 318, 323-24 (6th Cir. 2008). Otherwise, competent appellate review is impossible; it would be like trying to review for an abuse of discretion without knowing whether the judge was attempting to exercise discretion. See, e.g., *United States v. Mittelstadt*, 969 F.2d 335, 336 (7th Cir. 1992).

In the present case the judge didn't say enough to indicate that he considered either the statutory sentencing factors or the policy statement. Not that he had to cite chapter and verse. But he didn't even say that he disagreed with the Sentencing Commission's policy statement on punishment for violations of supervised release or that he feared that a term shorter than

60 months would fail to deter the defendant from growing marijuana after his release from prison. He also said nothing in response to the defendant's argument that the statutory sentencing factors favored a lighter sentence because he was 59 years old, had served "99.8%" of his term of supervised release, and had been gainfully employed lawfully throughout that eight-year period. Maybe the argument was too weak to merit discussion, but the judge didn't say that either.

We cannot brush off the appeal on the ground that *of course* the district judge knows the statutory sentencing factors and the relevant Guideline provisions and so he *must* have had a good reason for imposing a sentence almost twice as long as the maximum recommended by the Sentencing Commission (34 months versus 18 months). If that response to his appeal were proper, a judge would never have to give a reason for a sentence that was within the sentencing range set by Congress. Anyway what a busy judge knows is not always present to his mind. The Supreme Court has told us to "ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Where the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." *Rita v. United States*, 551 U.S. 338, 357 (2007). And although the Guidelines range applicable to this case is merely "recommended," the cases we cited earlier say—and say after *Booker*—that the sentencing judge should give a reason, however

brief, for ignoring such recommendations, which the judge in this case did not do.

So just as in *United States v. Thompson*, 595 F.3d 544, 547-48 (4th Cir. 2010), a case nearly identical to this one, we are obliged to vacate the sentence and remand for resentencing.

VACATED AND REMANDED.