NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 4, 2013
Decided January 15, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2463

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:06-cr-00193-1 |
| ULANDERS PATRICK, | |
| *Defendant-Appellant*. | John F. Grady, |
| | *Judge*. |

**O R D E R**

Ulanders Patrick challenges, on procedural grounds, his 12-month prison sentence for violating the provisions of his term of supervised release. Because the district court both properly considered the guidelines' policy statements regarding violations of supervised release and adequately explained its reasons supporting the sentence, we affirm.

**Background**

On October 11, 2006, Patrick was sentenced to 37 months' imprisonment, to be

followed by three years of supervised release, pursuant to a guilty plea to a bank robbery count. He was also required to pay $1,626 in restitution. Patrick began his supervised release in July of 2009.

On November 21, 2011, Patrick was arrested for theft of services for using the Chicago transit system without paying. He failed to notify his probation officer of his arrest. On the Probation Office's recommendation, the district court modified Patrick's supervised release to require him to perform 40 hours of community service.

On June 21, 2012, the Probation Office petitioned the district court to schedule a show-cause hearing to address Patrick's violation of the terms of his supervised release. The asserted grounds for revocation included his arrest for theft of services, as well as his failure both to complete the required community service and to pay restitution. The Probation Office noted that Patrick falsely claimed to have diligently attempted to complete his community service, when in fact he had made negligible effort to contact the community service organizations made available to him. On July 18 the district court revoked Patrick's supervised release and sentenced him to one day of incarceration, to be followed by an additional year of supervised release. The new term of supervised release continued to impose a condition that Patrick complete 40 hours of community service.

When Patrick still failed to either perform the required community service or pay restitution, the Probation Office on December 10, 2012, petitioned the district court a second time to revoke his supervised release. The Office recommended, given Patrick's financial condition and difficulties in securing employment, that he be sentenced to 120 days in the custody of the Salvation Army to complete his community service. Neither Patrick nor his attorney appeared at the subsequent show-cause hearing. The court thereupon scheduled a second hearing for February 6, 2013.

On January 30, before that show-cause hearing could take place, the Probation Office informed the district court that Patrick had tested positive for marijuana; that he had been arrested on September 6, 2012, for consuming alcohol on the Chicago transit system (although charges stemming from that alleged incident had already been dismissed); and that he had failed to notify the Probation Office of his latest arrest. The Probation Office reiterated that Patrick had still not completed his community service, despite repeated orders from the court. It again recommended that Patrick be remanded to the custody of the Salvation Army for 120 days. As with his previous court date, Patrick failed to appear for the show-cause hearing on February 6, although this time his counsel did attend. The district court responded to the Probation Office's

recommendation by increasing Patrick's required community service to 60 hours, and ordering that it be completed by May 31, 2013. The court based its order on Patrick's "fail[ure] to make a good-faith effort to perform any of the community service previously ordered by the Court."[1]

On June 5, the court was compelled to hold yet another status hearing regarding Patrick's supervised release. Patrick had still not completed his community service requirement, which had now been outstanding for approximately 18 months. At the hearing, he argued that he had recently been hired at a new job, and he requested additional time to complete his community service so that he would remain employed. The Probation Office informed the court that placement at the Salvation Army was no longer possible, and recommended a 30-day prison sentence. The policy statements contained in § 7B1.4 of the Sentencing Commission's guidelines manual recommend a sentence of three to nine months for violation of supervised release.

The district court again revoked Patrick's supervised release. The court expressed its frustration with Patrick's failure to explain why he could not perform the required community service. It remarked that it had previously warned Patrick that, if he failed to complete his 40 hours, he would face a significant prison term. (As the government concedes, the district court misremembered this point. It had not previously cautioned Patrick that prolonged imprisonment could be a consequence of violating the service condition of his release.) The court remarked "Well, I am sorry, Mr. Patrick, but I think that I must follow up on what I said I'd do. Otherwise, supervised release becomes a meaningless exercise." It further stated that "I have done everything I can to keep this man out of jail and in pursuit of some sort of gainful employment, but it does not work." The district court sentenced Patrick to 12 months in prison.

### Discussion

"Appellate review of a sentence for violating the terms of supervised release is highly deferential." *United States v. Robertson*, 648 F.3d 858, 859 (7th Cir. 2011); *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007) (describing such deference as the "the narrowest judicial review of judgments we know"). Patrick does not challenge the substantive reasonableness of his 12-month sentence. Instead, he advances two procedural objections. First, he contends that the district court failed to calculate the applicable guidelines range for his violation. And second, he argues that the district court failed to adequately explain its sentence, or to consider the sentencing factors of 18 U.S.C. § 3553(a).

---

[1] In fact, this point was slightly overstated; Patrick had in fact completed two hours of community service.

At the outset, the government notes that Patrick has forfeited both his arguments by failing to timely object to any supposed procedural irregularities in the district court's sentence. Patrick does not dispute this point, and provides no reason to think he was denied an opportunity to object to the district court's sentencing procedure. As a result, we review his contentions only for plain error. The district court's sentencing will stand unless Patrick "can demonstrate an error that is plain, that affects his substantial rights, and that seriously affects the fairness, integrity or public reputation of the judicial proceeding, effectuating a miscarriage of justice." *United States v. Iacona*, 728 F.3d 694, 699 (7th Cir. 2013). Patrick's contentions fall far short of meeting that high standard.

## I. The Commission's Policy Statements

Patrick's first procedural argument is that the district court failed to accurately calculate the applicable guidelines range. The problem with this argument is that there is no applicable guidelines sentence governing violations of supervised release. The Sentencing Commission has merely issued policy statements in § 7B1.4, which have less force than guidelines. "[P]olicy statements . . . are neither guidelines nor interpretations of guidelines." *United States v. Hill*, 48 F.3d 228, 231 (7th Cir. 1995); *see Robertson*, 648 F.3d at 859 (policy statements "are intended to be given even less consideration" than the advisory guidelines); *Kizeart*, 505 F.3d at 675 ("[T]he Sentencing Commission's decision not to issue [formal] Guidelines implies that the sentencing court should have more than usual flexibility in sentencing for violations of conditions of supervised release."). Patrick cites no authority suggesting that the failure to treat a policy recommendation as a guidelines range is error, let alone plain error affecting the justice of his sentencing.

In response, Patrick notes that Section 3553(a)(4)(B) requires the district court, in sentencing a defendant for violation of supervised release, to "consider . . . the applicable guidelines or policy statements issued by the Sentencing Commission." Indeed, "when deciding whether to revoke a term of supervised release, the district court must begin its analysis with the recommended imprisonment range found in the Guidelines." *United States v. Snyder*, 635 F.3d 956, 959 (7th Cir. 2011); *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008) (holding the same, and noting that "these ranges inform rather than cabin the district court's sentencing discretion") (citation and quotation marks omitted). And in *Robertson*, this court noted that "the sentencing judge should give a reason, however brief, for ignoring such recommendations." 648 F.3d at 860.

However, the district court did consider the Commission's policy suggestions,

which were reflected in the Probation Office's proposed sentence. Even though the court did not explicitly recite the recommendation, it considered a lower sentence than recommended by the Commission—i.e., the one-month term suggested by the Probation Office. *See United States v. Pitre*, 504 F.3d 657, 664 (7th Cir. 2007) (affirming a sentence against procedural challenge because "[t]he court . . . indicated that it had considered a period of confinement at or below the recommended range of three to nine months" before imposing a longer term, even if it did not explicitly recite the policy recommendation). And the court clearly enunciated its reasons for rejecting such a sentence, including Patrick's persistent and unexplained failure to perform community service and the need to promote respect for and compliance with conditions of supervised release. The district court repeatedly explained to Patrick why his dilatory conduct showed contempt for the terms of his release, and gave him several opportunities either to offer arguments in mitigation or to comply with its orders. This case is therefore clearly distinguishable from the unexplained sentence in *Robertson*, in which the court "didn't give a reason" for the sentence imposed. 648 F.3d at 859; *see Snyder*, 635 F.3d at 962 (7th Cir. 2011) (finding that "there is nothing in the record" indicating that the court "carefully reviewed the Guidelines range").

In sum, the district court plainly satisfied its obligation to consider the Sentencing Commission's policy position. "[I]t is clear from the totality of the judge's statements that he considered and discounted [the Sentencing Commission's] policy arguments." *United States v. Reyes-Medina*, 683 F.3d 837, 842 (7th Cir. 2012). *See United States v. Jackson*, 547 F.3d 786, 793 (7th Cir. 2008) ("[T]he judge's comments at sentencing, as recounted above, clearly indicated that he properly incorporated consideration of the . . . policy statement into his overall § 3553(a) analysis.").

## II.                    The District Court's Sentencing Explanation

Patrick's second procedural contention fares no better. The district court extensively considered the need to promote respect for the law, in this case the terms of supervised release. It noted that a one-year sentence would deter other offenders from ignoring the terms of their release. It considered an alternative sentence—120 days with the Salvation Army—before deciding that this alternative was both unavailable and insufficient to correct Patrick's defiance of the court's orders. The court was not required to list the Section 3553(a) factors or to exhaustively consider each one. In *Robertson*, this court noted that the sentencing judge "must . . . say *something* that enables the appellate court to infer that he considered [the sentencing factors]." 648 F.3d at 860. The district court in this case said more than enough to demonstrate that it had considered the Section 3553(a) factors and to explain the reasons supporting the

sentence.

Finally, Patrick contends that the district court failed to address his arguments in mitigation regarding his successful drug treatment, recent employment, and his ability to avoid recidivism. However, the court also heard evidence that Patrick had tested positive for marijuana, had been unemployed for much of the term of his supervised release, and had been arrested twice in that period. Patrick's arguments for mitigation are therefore frivolous and did not warrant a response from the district court. *See United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010) ("The judge need not be explicit where anyone acquainted with the facts would have known without being told why the judge had not accepted the argument.") (citation and quotation marks omitted). The court did not err in explaining its sentence, and even if it had, we find that such an error in this case would not constitute a miscarriage of justice.

## Conclusion

Because Patrick's procedural arguments are meritless, we AFFIRM the decision of the district court.