NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015
Decided January 13, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2293

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 02-CR-141-C-02 |
| ZAN MORGAN, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

The district court reimprisoned Zan Morgan for 21 months after he admitted violating several conditions of his supervised release. Morgan filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. We invited Morgan to comment on counsel's motion, but he has not responded. See CIR. R. 51(b). The analysis in the brief appears to be thorough, so we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Morgan was convicted in 2003 of distributing crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 154 months' imprisonment and 60 months' supervised release. Morgan's offense involved at least 5 grams of crack, which, under the version of 21 U.S.C. § 841(b)(1) then in effect, made the crime a Class B felony. See 21 U.S.C. § 841(b)(1)(B)(iii) (2000); 18 U.S.C. § 3559(a)(2) (2000). The district court reduced Morgan's prison sentence to 120 months in 2009, see 18 U.S.C. § 3582(c)(2), and in May 2011 he was released from prison and began his term of supervised release.

About a year later, Morgan admitted to a probation officer that he had used marijuana and also tried to persuade an employee of the vendor conducting drug testing for the probation office to falsify the results of his urinalysis. At that time the district court simply admonished Morgan to comply with the terms of his supervised release, but in July 2013 police in Wisconsin arrested him for possessing drugs and a gun, which prompted the probation office to seek revocation. The state dismissed its charges, so the district court decided against revocation. The court warned Morgan, however, to dissociate from persons engaged in criminal activity. Not long after this Morgan failed another drug test and admitted smoking marijuana. His probation officer recommended that he attend drug counseling and continue to be tested.

In May 2014 the probation officer again petitioned for revocation, this time alleging that Morgan had violated the conditions of his release by using marijuana, not attending his drug counseling, and failing to report a change in address. At a revocation hearing, Morgan admitted smoking marijuana, trying to bribe another employee of the drug-testing vendor, and diluting his urine samples. He asked the district court to find that his positive drug tests evidenced personal *use*, rather than *possession* of marijuana; use is a Grade C violation, while possession not only constitutes a more serious Grade B violation, but also makes revocation mandatory. See 21 U.S.C. § 844(a); U.S.S.G. § 7B1.3(a)(1). The judge acknowledged that ordinarily she would treat marijuana use as a Grade C violation, though not in Morgan's case because his other conduct—trying to bribe a test taker and dilute his urine—was "more serious behavior than simply smoking marijuana once in awhile." We have held that drug possession can fairly be inferred from evidence of use, *United States v. Trotter*, 270 F.3d 1150, 1151–52 (7th Cir. 2001), and on that basis the judge found that Morgan had committed a Grade B violation by possessing marijuana. The court therefore revoked Morgan's supervised release and ordered him reimprisoned for 21 months, the bottom of the range recommended by the Sentencing Commission. See U.S.S.G. §§ 7B1.3(a)(1), 7B1.4(a).

In her *Anders* brief, counsel first considers arguing that the district court abused its discretion by revoking Morgan's supervised release. We agree with counsel that such a challenge would be frivolous because Morgan admitted the alleged violations first to his probation officer and then during the revocation hearing, and he does not seek to retract those admissions. See *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

Counsel next considers challenging the 21-month term of reimprisonment as unlawful or plainly unreasonable, but rightly concludes that this challenge would be frivolous. First, the term of reimprisonment is not unlawful. Morgan could have been reimprisoned for up to 3 years because the crime for which he originally was convicted was a Class B felony. See 18 U.S.C. § 3583(e)(3); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007); *United States v. Turlington*, 696 F.3d 425, 426–28 (3d Cir. 2012). The 21-month term that Morgan received is within that statutory limit. Second, Morgan's 21 months is not plainly unreasonable. See *United States v. Robertson*, 648 F.3d 858, 859 (7th Cir. 2011); *United States v. Kizeart*, 505 F.3d 672, 673, 675 (7th Cir. 2007). The district court's finding that Morgan not only used but also possessed marijuana is amply supported by the record, and possessing a controlled substance after a prior drug conviction is punishable by up to two years in prison, see 21 U.S.C. § 844(a), and thus is a Grade B violation, U.S.S.G. § 7B1.1(a); *Trotter*, 270 F.3d at 1151–52. The finding that Morgan had committed a Grade B violation mandated revocation of his supervised release. See U.S.S.G. § 7B1.3(a)(1). And that violation, combined with Morgan's category VI criminal history, resulted in a range of imprisonment upon revocation of 21 to 27 months, see *id.* § 7B1.4(a). The court selected the low end of that range, and we would not find that term to be plainly unreasonable.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.