FILED
United States Court of Appeals
Tenth Circuit

October 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIAM YOUNG,

      Defendant - Appellant.

No. 16-3077
(D.C. No. 2:03-CR-20116-KHV-JPO-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.

William Young appeals the district court's judgment revoking his supervised

release and sentencing him to eight months of incarceration and an additional period of

supervised release.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742(a), we affirm in part, reverse in part, and remand with instructions to issue an

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

amended judgment consistent with this order.

## I. BACKGROUND

After being indicted in 2003, Mr. Young pled guilty to a single count of conspiring to distribute and possess with the intent to distribute five or more grams of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); 846. In 2005, the United States District Court for the District of Kansas imposed a sentence of 151 months of imprisonment followed by four years of supervised release. The court ordered both standard and special conditions on Mr. Young's supervised release.[1]

Mr. Young was released from prison and began his supervised release in April 2015. In February 2016, the probation office filed a petition in the district court to revoke Mr. Young's supervised release. According to the petition, Mr. Young had used illegal drugs, failed to check in with his probation officer, and skipped treatment programs in which he was enrolled.

The district court held a hearing in March 2016 and revoked Mr. Young's supervised release. It sentenced him to eight months of imprisonment and three more years of supervised release.

At this hearing, Mr. Young, through counsel, stipulated to the facts underlying the alleged violations and agreed the court could impose between 8 and 14 months in

---

[1] Mr. Young appealed his sentence, but the plea agreement he signed contained a waiver of his appellate rights. We enforced the waiver and dismissed his appeal. *United States v. Young*, 206 F. App'x 779 (10th Cir. 2006) (unpublished).

custody. He asked the court not to impose any term of imprisonment, however, and instead to continue the hearing, order him to a halfway house, and reassess his progress after a few months in a structured environment. The Government opposed this request and argued Mr. Young should be incarcerated.

Based on Mr. Young's numerous positive drug tests, the district court concluded it was "required to revoke and impose a sentence that includes a term of imprisonment" unless it found there were "appropriate substance abuse programs" available for Mr. Young or that his "current or past participation in programs" justified another course, in which case it could "grant[] an exception from the mandatory revocation and imprisonment." ROA Vol. 2 at 15.[2]

The court decided Mr. Young was "not entitled to an exemption" and that his violations "pretty much sp[oke] for themselves." *Id.* After Mr. Young had a chance to allocute, the court expressed its "wish that [Mr. Young] had stuck with" his treatment program. *Id.* at 21. The district court stated that "eight months in custody would be appropriate" because Mr. Young had not shown any reason why he should be exempt from the revocation requirement. *Id.* at 23. The court selected eight months from the non-binding policy statements of the United States Sentencing Guidelines ("Guidelines"),

_____

[2] *See* 18 U.S.C. § 3583(g)(4) (requiring revocation of supervised release and imposition of a term of imprisonment "[i]f the defendant . . . tests positive for illegal controlled substances more than 3 times over the course of 1 year"); *see also* 18 U.S.C. § 3583(d) ("The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception . . . from the rule of section 3583(g) . . . .").

which provided for a custody range of 8 to 14 months.

In addition to the eight-month prison term, the court ordered three years of supervised release and specified that "all of the conditions that were previously imposed" would again apply.  *Id.*; *see also id.* at 24.

The court asked, "Is there any comment, counsel, on the proposed sentence?"  *Id.* at 23.  Mr. Young's lawyer answered, "No, Your Honor."  *Id.*

But when the district court entered its written judgment almost two weeks later, the terms of Mr. Young's new period of supervised release were not identical to the terms previously imposed.  Mr. Young complains the written judgment added an entirely new condition requiring him to "reside at a residential re-entry center program, in the community corrections component allowing for work release, for up to 120 days, at the direction of the U.S. Probation Officer."  ROA Vol. 1 at 34.  He also argues the written judgment materially altered another condition:  whereas the court previously required Mr. Young to "participate in an approved program for mental health," *id.* at 21, the new judgment ordered him to "participate as directed in a cognitive behavioral program," *id.* at 34.

Mr. Young filed a timely notice of appeal.  *See* Fed. App. R. 4(b)(1)(A)(i).

## II.  **DISCUSSION**

Mr. Young raises two issues on appeal.  First, he argues the district court committed plain error during the March 2016 revocation hearing because it "did not consider the § 3553(a) factors and gave no explanation whatsoever for the given

sentence." Aplt. Br. at 9. We reject his argument and affirm because the district court did not err, plainly or otherwise.

Second, Mr. Young argues we must remand for the district court to conform its written judgment to its oral sentence concerning his supervised release conditions. The Government agrees with Mr. Young that the district court's oral pronouncement controls. So do we, and we remand for correction of the judgment.

A. *Consideration of § 3553(a) Factors*

1. **Legal Background**

Section 3583 provides that a court may revoke a term of supervised release after considering certain factors listed in § 3553(a). *See* 18 U.S.C. § 3583(e)(3).[3] "The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *United States v. Cordova*, 461 F.3d 1184, 1189 (10th Cir. 2006) (quotations omitted); *see also United States v. Kelley*, 359 F.3d 1302, 1305 (10th

---

[3] Section 3583(e) requires consideration of a subset of the § 3553(a) factors. As we said in *United States v. Cordova*, the relevant factors in the revocation context include: "the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution." 461 F.3d 1184, 1188-89 (10th Cir. 2006) (quotations omitted).

Cir. 2004) ("[I]t is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence.").[4]

### 2. Standard of Review

Whether the district court failed to consider the § 3553(a) factors is a question of procedural reasonableness. *See United States v. Vigil*, 696 F.3d 997, 1001 (10th Cir. 2012). If a defendant preserves the issue, "we generally review the procedural reasonableness of that defendant's sentence using the familiar abuse-of-discretion standard of review." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1262 (10th Cir. 2014) (quotations omitted).

Here, however, the parties agree that our review is for plain error because Mr. Young failed to object during the sentencing hearing. "Under the plain error standard, [Mr. Young] must demonstrate: (1) an error, (2) that is plain, meaning clear or obvious under current law, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Piper*, No. 15-3288, 2016 WL 6211807, at *3 (10th Cir. Oct. 25, 2016).

### 3. Analysis

Mr. Young asserts, "The district court gave no explanation, and no consideration to the relevant § 3553(a) factors, when it imposed the eight-month term of imprisonment

---

[4] When imposing a sentence following revocation, district courts must also consider the policies articulated in Chapter 7 of the Guidelines, *see Cordova*, 461 F.3d at 1188, but we have no need to address the Guidelines here because Mr. Young argues on appeal only that the district court failed to consider the § 3553(a) factors.

and three-year term of supervised release." Aplt. Br. at 13. He argues "[t]he sentencing court must 'say *something* that enables the appellate court to infer that [the district court] considered [the relevant factors].'" *Id.* (quoting *United States v. Robertson*, 648 F.3d 858, 860 (7th Cir. 2011)). The district court's failure to do so here, he argues, was plain error.

We disagree. The record clearly shows the district court considered the § 3553(a) factors and provided sufficient reasoning for the sentence it imposed. The hearing transcript contradicts Mr. Young's assertion that the court gave no explanation. It said:

> I do believe eight months in custody would be appropriate because you haven't shown me any reason, based on your personal circumstances or anything else, why you're entitled to an exception from the legal requirement that I revoke and sentence up to a term of imprisonment.

ROA Vol. 2 at 23. The court also described its familiarity with the treatment program Mr. Young had failed to complete and said it "really wish[ed] that [Mr. Young] had stuck with" the program and "had a better attitude about it" because it teaches participants skills for "cop[ing] with issues that come up in daily life" and about "taking ownership" of decisions. *Id.* at 21-23. Mr. Young's track record in the program is part of "the history and characteristics of the defendant" under § 3553(a)(1). The district court thus considered this factor.

Mr. Young also overlooks the district court's consideration of his work history, *id.* at 19, and his history of "anxiety, panic, [and] PTSD," topics he raised during his allocution, *id.* at 17.

Further, the court's statement that "we don't have available substance abuse programs which would appropriately respond to your treatment needs," *id.* at 15, demonstrates its consideration of the need "to provide the defendant with . . . correctional treatment in the most effective manner" under § 3553(a)(2)(D).[5]

"[W]e have made it quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." *Kelley*, 359 F.3d at 1305. The district court did not make express reference to the § 3553(a) factors, but we do not demand "that the district court recite any magic words," *id.* (quotations omitted). Based on the record before us, we are confident the district court "fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *Id.*

Mr. Young has failed to show the district court erred, let alone plainly so. We also note that, under the third element of the plain-error standard, Mr. Young has not shown how the district court's alleged failure to consider the § 3553(a) factors negatively affected his substantial rights because his eight-month sentence is, in his words, "at the lowest end of the guidelines range." Aplt. Br. at 14. Finally, in affirming the district court's decision on this point, we perceive no serious effect on "the fairness, integrity, or public reputation of judicial proceedings." *Piper*, 2016 WL 6211807, at *3.

---

[5] The court's explanation was not limited to the eight-month sentence. It also explained the additional term of supervised release, saying Mr. Young should have another opportunity to succeed under the previous terms: "So basically I guess [you will] have [to] serve some time, wipe the slate clean, come out and try again." ROA Vol. 2 at 23.

## B. *Variance of Written Judgment*

At the revocation hearing, the district court stated Mr. Young's new term of supervised release would be governed by "all of the conditions that were previously imposed," ROA Vol. 2 at 23, but the court's written judgment added a new condition and materially altered another, ROA Vol. 1 at 34. Because of this discrepancy, Mr. Young asks that we vacate his sentence and remand for resentencing.

The law is clear: "[A]n orally pronounced sentence controls over a judgment . . . when the two conflict. This rule . . . has been the law in this circuit since the 1930's." *United States v. Villano*, 816 F.2d 1448, 1450-51 (10th Cir. 1987) (en banc) (footnote omitted); *see also id.* at 1451 ("The sentence orally pronounced from the bench is the sentence."). The Government does not argue otherwise.

We agree with the parties that the written judgment must conform to Mr. Young's actual sentence. Rather than vacate Mr. Young's sentence to remedy this clerical error, we remand with instructions to the district court to issue an amended judgment. *See United States v. Bowen*, 527 F.3d 1065, 1080 (10th Cir. 2008) (affirming sentence and remanding "for the district court to bring its written judgment into conformity with its previously imposed, oral sentence"); *United States v. Nichols*, 169 F.3d 1255, 1280 (10th Cir. 1999) (declining to vacate judgment and allowing district court to correct clerical mistake where judgment failed to reflect defendant's acquittal on several murder charges); *see also* Fed. R. Crim. P. 36 ("[T]he court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record

arising from oversight or omission.").

## III. **CONCLUSION**

We affirm on the § 3553(a) issue, reverse on the written judgment issue, and remand this case to the district court with instructions to issue an amended judgment consistent with this order.[6] The mandate shall issue forthwith without prejudice to appellant's filing a petition for rehearing should he decide to do so.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[6] During the pendency of this appeal, Mr. Young filed an unopposed motion for a partial remand so the district court could correct the judgment while we considered the first issue he raises. In light of the foregoing, we deny appellant's motion for partial remand as moot.