In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2348

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL A. ALLGIRE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:06-cr-30138-4 — **Staci M. Yandle**, *Judge.*

ARGUED DECEMBER 11, 2019 — DECIDED DECEMBER 26, 2019

Before FLAUM, HAMILTON, and BARRETT, *Circuit Judges.*

BARRETT, *Circuit Judge.* The district court revoked Michael Allgire's supervised release after Allgire skipped out one month into his six-month term at a halfway house. The district court sentenced him to reimprisonment—24 months on one count of his original conviction and 17 months on another count, set to run concurrently. He now argues both that his total 24-month sentence was unreasonable and that the

district court committed reversible error by imposing two concurrent sentences. We disagree with both contentions.

## I.

In 2006, Michael Allgire was charged with a number of drug-related offenses. He pleaded guilty to two of the charges: Count 1 and Count 10 of the indictment. He was sentenced to 233 months' imprisonment on Count 1 and to 120 months' imprisonment on Count 10. He served both sentences concurrently. After Allgire completed his prison term, he began serving concurrent terms of supervised release, one on each count of conviction. But he violated the conditions of that supervised release and, after a revocation hearing, was sentenced to 7 months' reimprisonment or, alternatively, up to 6 months in a halfway house, along with another 24 months' supervised release. The government found space for Allgire in a halfway house but a month into his time there he absconded and spent the next 7 months on the lam. When he was eventually found, he was brought up for a second revocation hearing.

At the second revocation hearing, Allgire admitted that he violated the terms of his supervised release. The guidelines range for his violation was 5 to 11 months. The government sought a 9-month sentence while Allgire asked for 8. The district court, though, felt that Allgire had taken advantage of the court's previous leniency. Allgire had been given a 53-month reduction for cooperating with the government in his initial sentence for his crime of conviction, and then after the first revocation he had been offered 6 months in a halfway house rather than 7 months in prison. But in return, the district court noted, Allgire had "disregard[ed]" the law and displayed "lack of respect for" it. Thus, the district court decided to vary

upward from the guidelines to account for what had proved to be regrettable leniency. The district court sentenced Allgire to two terms of reimprisonment: 24 months' imprisonment for violating the terms of supervised release on Count 1 of his conviction and 17 months' imprisonment on Count 10 of his conviction. It set both sentences to run concurrently. Both parties agreed that any additional term of supervised release would be futile given Allgire's past conduct, so the district court did not impose any supervised release to follow the 24-month sentence.

## II.

On appeal, Allgire raises two challenges. First, he argues that his total sentence of 24 months is unreasonable. Second, he contends that the district court lacked the authority to impose a concurrent 17-month sentence.

We readily uphold the 24-month sentence, notwithstanding the fact it was 13 months higher than the guidelines range. That's because we only reverse a sentence of reimprisonment after the revocation of supervised release if the sentence was "plainly unreasonable." *United States v. Boultinghouse*, 784 F.3d 1163, 1177 (7th Cir. 2015). And here, the district court ably explained its decision to vary upward from the guidelines range.

A district court must fashion a term of reimprisonment upon revocation of supervised release according to the factors outlined in 18 U.S.C. § 3553(a), as they apply to revocations, along with any relevant policy statements in the Sentencing Guidelines. *See United States v. Hollins*, 847 F.3d 535, 539 (7th Cir. 2017); *see* 18 U.S.C. § 3583(e) (incorporating a subset of § 3553(a) factors into the revocation analysis). Here, the

district court justified its decision based on Allgire's extensive criminal history, § 3553(a)(1); repeated violations of supervised release, *see* § 3553(a)(2)(B); and likelihood of recidivism given his criminal history and previous disregard for supervised release terms, § 3553(a)(2)(C). Weighing those factors, the district court determined that even an 11-month sentence would be insufficient to accomplish the goals of sentencing, let alone an 8- or 9-month sentence as proposed by the parties. Instead, the district court determined that a total of 24 months' imprisonment was necessary. It clearly explained the variance decision with reference to the applicable sentencing factors, which were reasonably applied to Allgire's circumstances. And 24 months was below the statutory maximum that the district court was authorized to impose. *See* 18 U.S.C. § 3583(b)(2) & (h). We will not second-guess the district court's assessment on appeal. *See United States v. Robertson*, 648 F.3d 858, 859 (7th Cir. 2011) (referring to appellate review of revocation of supervised release as "comparable to 'the narrowest judicial review of judgments we know'" (citation omitted)).

Even if the total sentence is reasonable, Allgire argues, we must still vacate his sentence because the district court lacked the authority to impose two concurrent sentences. He did not raise this objection in the district court, so we review it here for plain error. *United States v. Pierson*, 925 F.3d 913, 919 (7th Cir. 2019). To prevail, Allgire must show that (1) the district court made an error, (2) the error was clear or obvious, (3) the error affected his substantial rights, and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (citation omitted).

Allgire argues that the district court made a clear or obvious error when it sentenced him to two terms of reimprisonment. The basic outline of his argument is this: When he first began his supervised release there were two concurrent terms, one for Count 1 and one for Count 10. That supervised release was revoked, but the district court only sentenced him to a *single* term of reimprisonment and supervised release, not two concurrent terms as before. So, when the district court sentenced him for violating the latter term of supervised release, Allgire had only committed *one* violation of supervised release and there was only *one* term of supervised release to revoke. Thus, the district court could only have sentenced him to *one* term of reimprisonment, not two. *See United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006) (explaining that, on revocation, "impos[ing] concurrent terms of supervised release … was proper only if [the district court] was revoking two terms [of supervised release] rather than one").

Allgire's argument stumbles, however, on plain error's third prong. Even if imposing the concurrent sentence was a plain error, Allgire needs to show that it affected his substantial rights—"which in the ordinary case means it affected the outcome of the district court proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (citation and internal quotation marks omitted). Allgire certainly cannot show that the error affected the length of his imprisonment: the 24-month sentence was reasonable, so he cannot show that he was prejudiced by the inclusion of a shorter concurrent sentence. He will serve 24 months regardless. For Allgire's challenge to succeed, he must be able to point us toward some other substantial right that was impinged. His only nominee is the additional stigma that he feels from being sentenced to two terms of reimprisonment rather than one. That is not enough to

satisfy plain error's substantial-rights prong. Allgire's sentence is AFFIRMED.