**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 23, 2020[*]
Decided July 31, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2679

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:10-CR-40059-JPG-1 |
| MELVIN WILLIS, *Defendant-Appellant*. | **J. Phil Gilbert**, *Judge*. |

## O R D E R

After he completed a prison term for his role in a conspiracy to distribute cocaine, Melvin Willis violated the conditions of his supervised release by committing acts of domestic violence and other infractions. The district court revoked Willis's supervised release and sentenced him to an above-range term of 48 months in prison, which he now challenges on appeal. Because the district court sufficiently explained its reasons for imposing a sentence well above the policy-statement range and because that sentence is reasonable, we affirm.

---

[*] We previously granted Willis's motion to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C), (f).

In 2011, Willis pleaded guilty to conspiring to distribute cocaine base, 21 U.S.C. §§ 841(a), 846, and was sentenced to 240 months in prison followed by 10 years of supervised release. His prison term later was reduced to 108 months, and he was released on supervision in August 2018.

Willis soon violated numerous conditions of his supervised release, and the government petitioned the district court to revoke it and return him to prison. The petition alleged that Willis (1) drove with a revoked license; (2) committed two domestic batteries; (3) failed to submit a monthly report for October 2018 to his probation officer; (4) failed to timely notify the probation office that he was arrested for driving with a revoked license in August 2018; and (5) failed to reside in a residential drug treatment center—all in violation of the conditions of his release. The petition further alleged that the most serious infractions were "grade B" violations for purposes of the calculating the sentencing range. *See* U.S.S.G. § 7B1.2.

Willis appeared before a magistrate judge in March 2019. He was advised that he could be imprisoned for up to 60 months, and he waived his right to a preliminary hearing on the petition. A final hearing was scheduled for April 2019, but multiple continuances delayed the revocation hearing for an additional four months.

At the August 2019 hearing, Willis admitted the latter three charged violations, but he denied driving with a revoked license and committing domestic battery, so the parties offered their competing evidence over the course of two days. A police officer testified that, one night in August 2018, he encountered Willis at the scene where a vehicle had crashed into a tree; Willis's driver's license previously had been revoked, and he had been drinking alcohol. The officer also observed blood on Willis's face. A friend of Willis testified that he, not Willis, had been driving—but the friend mixed up material details about the vehicle, including its color and whether it was a car or a truck. When this happened, a court security officer (who later testified to his observations) saw Willis throw his hands up in the air and mouth, "It's a car, it's a car." Willis also testified that his friend had been driving the vehicle. Additionally, the government presented evidence that four days after the crash, Willis got into an argument with his girlfriend and hit her and her mother, injuring them both.

The district court then revoked Willis's supervised release, concluding that he had committed the offenses of domestic battery and driving with a revoked license, along with the technical violations to which he had admitted. The parties and the court agreed that the range of reimprisonment under the policy statements in Chapter Seven

of the Sentencing Guidelines was 21 to 27 months because Willis's criminal history category was VI and his most serious violation was grade B. *See* U.S.S.G. § 7B1.4.

The parties then debated the proper sentence. Willis argued that a term within the policy-statement range was "the least restrictive means to accomplish the goals of [18 U.S.C. §] 3553." The government urged that a sentence above the range was necessary based on Willis's history of repeatedly flouting the law. It recommended either 48 months in prison followed by 24 months' supervised release or 60 months in prison with no supervision afterward.

Agreeing with the government, the district court sentenced Willis to 48 months in prison with an additional 24 months' supervised release. It reasoned that an above-range sentence was needed to "protect the public from further crimes." Although Willis is "pretty bright," the court said, he continued to make bad decisions. Having "considered all the information in the presentence report"—which included prior convictions for aggravated battery with a firearm, aggravated unlawful restraint, obstructing justice, possessing a weapon as a felon, driving under the influence, and domestic battery—the district court concluded that prior sentences had not deterred him. And, citing Willis's criminal history, it characterized the current violations of his supervised release as "engaging in the same conduct over and over again." The district court deemed Willis's testimony that he was not driving with a suspended license incredible, and it expressly concluded that Willis suborned perjury because he induced his friend to lie. This appeal followed.

On appeal, Willis argues that the district court procedurally erred by failing to adequately explain why it imposed a sentence 21 months longer than the high end of the applicable range. Because the Sentencing Guidelines already account for criminal history, he maintains, the court had to give different, and more detailed, reasons for deviating from the policy-statement range by 77 percent. He further contends that the court failed to consider the need to avoid unwarranted sentencing disparities and that his sentence is plainly unreasonable.

We review procedural errors at sentencing de novo. *See United States v. Shelton*, 905 F.3d 1026, 1031 (7th Cir. 2018). Our review of a revocation sentence's substantive reasonableness, on the other hand, is deferential: We will not reverse unless the district court abused its discretion by imposing a sentence that is plainly unreasonable. *See United States v. Allgire*, 946 F.3d 365, 367 (7th Cir. 2019).

It is not always possible to neatly divide appellate review of sentencing decisions into "procedural" and "substantive" issues, however. *See United States v. Vasquez-Abarca*, 946 F.3d 990, 993–94 (7th Cir. 2020). Although Willis urges us to find a procedural error in the district court's supposed failure to justify the sentence sufficiently, we see no such misstep. Proper procedure requires district courts to correctly calculate the applicable sentencing range, address the parties' principal arguments, consider the statutory factors, and explain the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). When deviating from the policy-statement range, a district court must provide an explanation adequate "to enable the appellate court to conduct a meaningful review." *United States v. Hollins*, 847 F.3d 535, 539 (7th Cir. 2017). The district court did not run afoul of these requirements: It accurately calculated the reimprisonment range, discussed the parties' contentions, and announced its justification for Willis's sentence with references to the relevant factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). As a matter of procedure, that was all that was required. *See Gall*, 552 U.S. at 53. Although the court did not specifically mention potential sentencing disparities (nor was it asked to), *see* 18 U.S.C. § 3553(a)(6), "the district court need not address every factor under § 3553(a) in a checklist manner." *United States v. Barr*, 960 F.3d 906, 914 (7th Cir. 2020).

Further, the 48-month sentence was not substantively unreasonable in light of the district court's reasoned explanation. The justification for an above-range sentence must be "sufficiently compelling to support the degree of variance." *United States v. Ballard*, 950 F.3d 434, 436 (7th Cir. 2020) (internal citation and quotation marks omitted). Here, the district court cited Willis's "extensive criminal history," which included several convictions for serious crimes and reflected little change in his behavior over the years. *See Vasquez-Abarca*, 946 F.3d at 994–95 ("The district court was entitled to consider the defendant's full criminal history and to impose a sentence tailored to his record."). Willis correctly notes that the policy-statement range accounts for his criminal history—but only as of the time of his original drug conviction. *See* U.S.S.G. § 7B1.4(a) cmt. n.1. The district court determined that Willis's continuing pattern of intransigence necessitated a longer sentence. Furthermore, in the court's view, Willis's violations were made even worse because he was willing to deceive the court through perjury. By focusing on Willis's refusal to change—continuing his pattern of violent offenses even while on supervision—and his willingness to lie to avoid responsibility, the district court properly coupled its consideration of Willis's criminal history with the nature and circumstances of his violations. *See* 18 U.S.C. §§ 3553(a)(1), 3583(e). Given these circumstances, the district court "did not abuse its discretion in

thinking a higher sentence might contribute to protection of the public." *Vasquez-Abarca*, 946 F.3d at 995 (citing 18 U.S.C. § 3553(a)(2)(C)).

Willis's argument that his sentence is unreasonable because the district court did not address unwarranted sentencing disparities does not persuade us, either. The court considered the applicable range before sentencing Willis, so it "necessarily" gave "significant weight" to potential disparities. *United States v. Bridgewater*, 950 F.3d 928, 936 (7th Cir. 2020). And Willis has not identified any comparators "with similar records who have been found guilty of similar conduct" or otherwise supported his claim that any disparity is "unwarranted." 18 U.S.C. § 3553(a)(6); s*ee Bridgewater,* 950 F.3d at 937 (7th Cir. 2020); *United States v. Patel*, 921 F.3d 663, 673 (7th Cir. 2019).

AFFIRMED.