NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021
Decided November 5, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1421

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:05-CR-30137-SMY-1 |
| DAMMARO D. PERKINS, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

## O R D E R

The district court revoked Dammaro Perkins's supervised release based on a litany of violations, including distributing crack cocaine on six occasions, driving under the influence twice, and leaving the scene of an accident. Perkins appeals his five-year revocation sentence, but his appointed counsel moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

The Constitution does not guarantee counsel in an appeal of a supervised-release revocation when, as in this case, the defendant neither contests the violations nor raises

complex or substantial arguments in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Therefore, *Anders* need not govern our review, but we nevertheless apply its safeguards to ensure that all potential issues receive consideration. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel submitted a brief that appears thorough, addressing the potential issues we would expect to see in an appeal of this kind, and Perkins responded under Circuit Rule 51(b) with the issues he would like to raise. We limit our review to the potential issues that counsel and Perkins discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Perkins was convicted in 2007 of one count each of possessing more than five grams of crack cocaine with intent to distribute (enhanced by three prior felony drug convictions), 21 U.S.C. § 841(b)(1)(B) (2007); possessing a firearm in relation to drug trafficking, 18 U.S.C. § 924(c)(1)(A); possessing marijuana with intent to distribute, 21 U.S.C. § 841(b)(1)(D); and possessing a firearm as a felon, 18 U.S.C. § 922(g). He was sentenced to 210 months in prison. In April 2019 the judge reduced his sentence to 106 months under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, which made retroactive the modified penalties for crack-cocaine offenses under the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372. Because Perkins had already served well over 106 months, he was promptly released and began serving a six-year term of supervised release.

Less than two years later, Perkins's probation officer petitioned for a warrant for his arrest and the revocation of his supervised release based on several violations of the conditions. The most serious allegations were that Perkins committed crimes, including driving under the influence, leaving the scene of an accident, and possession of methamphetamine. Months later, the probation officer filed an amended petition adding allegations that on six occasions Perkins distributed crack cocaine. At the final revocation hearing (held by videoconference), Perkins admitted that he committed, or that the government could prove by a preponderance of the evidence that he committed, every violation alleged in the amended petition. As was statutorily mandated given certain violations, the judge revoked his supervised release and sentenced him to a total of five years of reimprisonment and eight more years of supervised release. The prison sentence consists of wholly concurrent sentences of 60 months for two counts and 24 months for the other two. The new supervised-release sentence consists of concurrent terms of eight, four, and three years on three of the counts of conviction (with none for the fourth count).

The judge primarily justified the statutory-maximum prison sentence by observing that Perkins left prison and "walked immediately into … an illegal substance and alcohol abuse situation" while resisting any treatment, created danger for others by driving under the influence, and ultimately "returned to [his] illegal activity and [his] life of crime of dealing crack." She also commented on the need to protect the public and deter Perkins from reoffending as reasons for the new term of supervised release.

Counsel first considers whether there is a nonfrivolous argument that the judge erred by conducting a final revocation hearing when Perkins had not yet received a separate preliminary hearing on the amended petition. *See* FED. R. CRIM. P. 32.1(b). That issue was discussed at the revocation hearing, and Perkins and his counsel affirmatively agreed to proceed. The only purpose for arguing that Perkins was entitled to a preliminary hearing would be to challenge the validity of the revocation. And counsel informs us elsewhere that Perkins does not wish to challenge the revocation or withdraw the admissions on which it is based. Therefore, neither counsel nor this court need consider anything but potential challenges to Perkins's sentence. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

With respect to the sentence, counsel first contemplates whether Perkins could appeal based on any error in calculating the applicable reimprisonment range under the policy statements in Chapter 7 of the Sentencing Guidelines. The judge calculated a policy-statement range of 51 to 63 months in prison based on Perkins's criminal-history category of VI and the finding that he committed Grade A violations of his conditions of supervision while serving a sentence for a Class A felony. *See* U.S.S.G. § 7B1.4. The judge appropriately used the criminal-history category assigned at the original sentencing. *Id.* at cmt. n.1. And distribution of crack cocaine and possession of methamphetamine are Grade A violations: controlled-substance offenses punishable by at least one year in prison. *See id.* § 7B1.1(a)(1); 21 U.S.C. § 841(a)(1).

Counsel also considers whether Perkins could argue that the judge erred by treating his original crack-cocaine conviction as a Class A felony for purposes of determining the statutory maximum revocation sentence, 18 U.S.C. § 3583(e)(3), despite the reduction of his sentence under the First Step Act. Through the retroactive application of the Fair Sentencing Act, Perkins's 2007 crack-cocaine offense (which would now carry a maximum 30-year sentence given Perkins's prior convictions) became a Class B felony. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Corner*, 967 F.3d 662, 665–66 (7th Cir. 2020) (directing the district court to use the First Step Act's modified statutory penalties when calculating a revocation sentence). The maximum

revocation sentence for a Class B felony is three years, § 3583(e)(3), which is less than what Perkins received on this count.

But we agree with counsel that any appeal on that ground would be frivolous because Perkins could not establish all of the requirements for reversal under plain-error review. The plain-error review standard would apply because Perkins never objected to the summary of the maximum penalties in the revocation petition and agreed with the judge's recitation of those penalties at the hearing. *See United States v. Williams*, 949 F.3d 1056, 1066 (7th Cir. 2020). Among other things, he would need to show that the error affected his substantial rights, i.e., that the error "affected the outcome of the district-court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). No such showing is possible here because Perkins received a concurrent revocation sentence of five years of reimprisonment on his conviction for possessing a firearm in furtherance of drug trafficking, § 924(c)(1)(A), a Class A felony that carries a maximum term of life and was unaffected by the Fair Sentencing Act. Because Perkins will serve five years of reimprisonment on the § 924(c) count regardless of whether the same term is permissible for the drug-trafficking count, his substantial rights were unaffected. *See United States v. Allgire,* 946 F.3d 365, 368 (7th Cir. 2019). As counsel rightly observes, *Allgire* forecloses any argument to the contrary.

Next, counsel considers whether Perkins could plausibly challenge his new terms of supervised release and correctly concludes that he could not. The maximum term of supervised release upon revocation is "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2). The judge imposed new supervised-release terms for the convictions for trafficking crack cocaine, possessing a firearm in furtherance of drug trafficking, and possessing marijuana with the intent to distribute. Counsel correctly notes that the crack-cocaine and marijuana counts (both enhanced under 21 U.S.C. § 851) each carried life as the maximum term of supervised release. *See* §§ 841(b)(1)(D), 851. The same maximum applied after revocation, so it would be frivolous to argue that the terms imposed on those counts were unlawful.

As to the § 924(c) count, counsel overlooks that the new term of supervised release exceeds the statutory maximum. On this count, a violation of § 924(c)(1)(A), the judge imposed a three-year postrevocation term of supervision to be served after the five years of reimprisonment. But the § 924(c) offense, a Class A felony, originally carried a maximum of five years of supervision. *See* 18 U.S.C. § 3583(b)(1). Therefore,

upon revocation the maximum term of supervision is five years minus the five years of reimprisonment (counsel mistakenly says two years of reimprisonment)—that is, zero. *See* § 3583(h). Counsel's oversight is inconsequential, however, because Perkins did not raise the point in the district court and could not show plain error. Again, under *Allgire* Perkins could not demonstrate that the error affected his substantial rights because the concurrent—and legal—eight-year and four-year terms of supervised release remain. *See Allgire,* 946 F.3d at 368.

Finally, counsel considers whether Perkins could argue that his sentence was inadequately explained or substantively unreasonable but correctly concludes that such an argument would be frivolous. The terms of reimprisonment and supervised release, which were within the properly calculated policy-statement ranges, are presumptively reasonable. *See United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). In explaining her decision to impose the statutory maximum term of reimprisonment, the judge adequately addressed the sentencing factors of 18 U.S.C. § 3553(a). Focusing on the seriousness of Perkins's many violations, she emphasized that although the Probation Office tried to assist him with residential drug treatment, Perkins "took it to another level" when he returned to dealing crack cocaine soon after his release from prison. He also drove while impaired on multiple occasions, endangering the public. Similarly, although neither party asked her to do so, the judge explained her decision to impose further supervised release. She said that continued monitoring was necessary to protect the public and specifically deter Perkins. It would be frivolous to argue that these explanations were not "sufficient to allow a court of appeals to assess the reasonableness of the sentence imposed." *Jones*, 774 F.3d at 405.

Finally, Perkins asserts in his Rule 51(b) response that he wishes to challenge the calculation of his good-time credit. But he could not do so on direct appeal because the Bureau of Prisons, not the sentencing court, administers good-conduct time, 18 U.S.C. § 3624(b); *White v. Scibana*, 390 F.3d 997, 1001 (7th Cir. 2004), and any miscalculation by the Bureau would not warrant vacating Perkins's sentence.

We GRANT counsel's motion to withdraw and DISMISS this appeal.