**UNITED STATES of America, Plaintiff,**

v.

**Alberto DE JESUS a/k/a "Tito Kayak," Defendant.**

**Crim. No. 00–321 HL.**

United States District Court, D. Puerto Rico.

Sept. 7, 2000.

**257**

Gregorio Lima, Bayamon, PR, Linda Backiel, San Juan, PR, for Alberto de Jesus, defendant.

Jorge E. Vega–Pacheco, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for U.S.

**OPINION AND ORDER**

LAFFITTE, Chief Judge.

Defendant moves the Court to reconsider certain aspects of the sentence imposed after a bench trial on August 9, 2000.[1] The Court shall first address Defendant's request for reconsideration of its order that as a condition of probation Defendant not travel to Vieques, Puerto Rico for one year. Second, the Court shall consider Defendant's challenge to its order that as a condition of probation Defendant participate in a psychological treatment program.

The order that Defendant not travel to Vieques, Puerto Rico for one year is a valid exercise of the Court's discretion in setting conditions of a sentence of probation. This discretion is explicitly provided for by statute. See 18 U.S.C.A. § 3563(b)(6) (West Supp.2000) (providing that a "court may provide, as further conditions of a sentence of probation, . . . that the defendant . . . refrain from frequenting specified kinds of places or from associating unnecessarily with specified persons"). Defendant, however, argues that even if the prohibition on travel to Vieques is consistent with the Court's statutory authority, it violates Defendant's "First Amendment rights of association, speech, and assembly, and his Fifth Amendment right to travel." Dkt. No. 35.

Several circuit courts have considered the interaction between § 3563(b)(6) and a defendant's constitutional rights. All of them have held that such conditions on probation do not impermissibly interfere with a defendant's constitutional rights, including those protected by the First Amendment, as long as "the conditions bear a reasonable relationship to the goals of probation," namely rehabilitation and protection of the public. *United States v. Turner,* 44 F.3d 900, 903 (10th Cir.1995), cert. denied, 515 U.S. 1104, 115 S.Ct. 2250, 132 L.Ed.2d 258 (1995). See also *United States v. Schave,* 186 F.3d 839, 844 (7th Cir.1999); *United States v. Bird,* 124 F.3d 667, 684 (5th Cir.1997), cert. denied, 523 U.S. 1006, 118 S.Ct. 1189, 140 L.Ed.2d 320 (1998); *United States v. Peete,* 919 F.2d 1168, 1181 (6th Cir.1990); *United States v. Terrigno,* 838 F.2d 371, 374 (9th Cir.1988); *United States v. Tonry,* 605 F.2d 144, 148 (5th Cir.1979). Given Defendant's strong beliefs regarding the United States Navy's exercises in Vieques and his propensity for breaking the law there, the Court finds that prohibiting Defendant from traveling to Vieques for one year is a reasonable means to prevent him from repeating his criminal conduct, a basic goal of probation. Accordingly, Defendant's motion for reconsideration of the Court's order that Defendant not travel to Vieques, Puerto Rico for one year is hereby denied.

Next, Defendant requests that the Court reconsider its order that Defendant participate in a psychological treatment program. Although the Court feels that Defendant could benefit from participation in such a program, the Court grants Defendant's request and hereby vacates its order that Defendant participate in a psychological treatment program.

**IT IS SO ORDERED.**

1. Defendant's motion is entitled "Motion for Clarification and/or Reconsideration of Sentence with Respect to Conditions of Probation and Travel to Vieques," Dkt. No. 35.