# United States Court of Appeals
## For the First Circuit

---

No. 01-2060

UNITED STATES OF AMERICA,

Appellee,

v.

ALBERTO DE JESUS, A/K/A
ALBERTO DE JESUS MERCADO, A/K/A/ TITO KAYAK,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before

Selya, Circuit Judge,

Campbell, Senior Circuit Judge,

and Lynch, Circuit Judge.

---

Linda Backiel for appellant.
Frank J. Bustamante, Special Assistant United States
Attorney, with whom Guillermo Gil, United States Attorney, and
Jorge E. Vega-Pacheco, Chief, Criminal Division, were on brief,
for appellee.

---

January 28, 2002

---

**SELYA, Circuit Judge.** In a three-count information, the government charged defendant-appellant Alberto de Jesús Mercado with two counts of trespassing at Camp Garcia (a military installation situated on the island of Vieques, Puerto Rico) in violation of 18 U.S.C. § 1382, and one count of simple assault (allegedly committed during the second trespass) in violation of 18 U.S.C. §§ 7, 113(a)(4). The district court denied the appellant's motion to dismiss the information, United States v. de Jesús, 108 F. Supp. 2d 68 (D.P.R. 2000), and thereafter found him guilty of all charges. The court sentenced the appellant to time served (approximately 34 days), together with a one-year term of probation. The probationary term encompassed, inter alia, the following conditions: the appellant was directed to (1) refrain from committing any criminal act, (2) stay away from Vieques, and (3) observe all the standard conditions of probation (such as notifying the Probation Department before leaving the jurisdiction or in the event of an arrest).[1]

The appellant proved to be a serial probation violator. Within a matter of weeks, he traveled to New York without

---

[1] The court originally imposed a special condition of probation requiring psychological counseling. Upon reconsideration, however, the court vacated that condition. See United States v. de Jesús, 116 F. Supp. 2d 256, 257 (D.P.R. 2000).

-3-

notifying his probation officer; engaged in criminal conduct there on November 5, 2000 (adorning the Statue of Liberty with a protest banner reading "Peace for Vieques"); and failed to advise the probation officer of his ensuing arrest. The incident resulted in the appellant's conviction in a New York court on a charge of criminal trespass, for which he paid a $500 fine. In addition to these activities, the appellant traveled to Vieques at least twice, in direct contradiction of the conditions of his probation. He was arrested, but again failed to inform his probation officer.

The appellant's antics eventually were brought to the attention of the district court. The court issued a violation warrant and conducted a probation revocation hearing on June 20, 2001. It found that the appellant had violated the conditions of his probation in myriad respects. This brought into play the penalty provisions of the original charges, see United States v. Bynoe, 562 F.2d 126, 129 (1st Cir. 1977) (explaining that "the court may, upon revocation of probation, impose any sentence it might originally have imposed"), and the court sentenced the appellant to imprisonment for a term of six months on each of the two original trespassing counts (those sentences to run concurrently) and for a further term of six months on the original assault count (that sentence to be served consecutively

-4-

to the sentences imposed on the other two counts). This appeal followed.

The statutes of conviction each authorize incarceration of an offender for a maximum period of six months. In this case, then, the three counts, in the ensemble, exposed the appellant to an overall total of eighteen months behind bars. Because the offenses limned in these counts constitute Class B misdemeanors, see 18 U.S.C. § 3559(a)(7), the court's sentencing determinations are not subject to the federal sentencing guidelines. See USSG § 1B1.9; see also United States v. Burgos-Andujar, ___ F.3d ___, ___ (1st Cir. 2001) [No. 01-2062, slip op. at 5]. Accordingly, appellate review ordinarily will be limited to ascertaining whether a particular sentence is "plainly unreasonable." 18 U.S.C. § 3742(e)(4); see also United States v. Sharpton, 252 F.3d 536, 540 (1st Cir. 2001) (per curiam). That standard governs for sentences imposed following revocation of probation in respect to Class B misdemeanor convictions.

Under any circumstances, the "plainly unreasonable" standard is extremely deferential. United States v. Underwood, 880 F.2d 612, 620 (1st Cir. 1989). Here, however, the degree of deference due is magnified because the appellant refused to acknowledge the sentencing court's jurisdiction and, thus,

-5-

eschewed any attempt to secure leniency. Inasmuch as the arguments advanced on appeal were not raised below, the sentences imposed can be set aside only for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

How the "plain error" doctrine interacts with the "plainly unreasonable" standard of review presents a potentially interesting legal question. In this instance, however, we need not pursue so fine a point. The short of it is that the sentencing record reflects no error, plain or otherwise. We explain briefly.

At the initial sentencing hearing, the district court imposed a term of probation, thus leaving the matter of further punishment very much in the appellant's hands. The appellant did not capitalize on this opportunity. He chose not to abide by the conditions of his probation, but, rather, traveled outside of Puerto Rico without authorization, committed a further criminal offense, neglected to notify his probation officer of the ensuing arrest, journeyed to Vieques (a specifically forbidden destination) at least twice, and failed to inform the probation officer of his arrest there.

These multiple violations of the conditions of probation forge a solid predicate for the district court's finding that the appellant was unrepentant and demonstrated

"blatant disregard for the law and for the rule of the law." The court's conclusion that it should sentence the appellant with a view toward "achiev[ing] the statutory objective of promoting respect for the law and affording . . . adequate deterrence" follows logically from this finding. These are proper purposes, see 18 U.S.C. § 3553(a), and the aggregate sentence imposed — twelve months' immurement — seems amply justified by the appellant's obduracy. After all, the appellant's persistent pattern of violative conduct, especially when coupled with his continued display of defiance at the probation revocation hearing itself, gave the court every reason to consider a punishment severe enough to get his attention.

The appellant's rejoinder is unpersuasive. He neither denies that he violated the conditions of his probation nor challenges the lower court's decision to revoke the probationary term in favor of a period of incarceration. He contends instead that the sentences imposed, while within the statutory maxima, are in the aggregate plainly unreasonable. To support this contention, however, he offers only rank conjecture, arguing that, notwithstanding the district court's carefully articulated statement of its concerns, the court had either a hidden agenda or an imperfect view of the law.

It would serve no useful purpose to answer the appellant's charges in exegetic detail. The probation revocation hearing was meticulously conducted, and there is not so much as a hint of legal error. By the same token, the record offers no basis for doubting the court's statement of the reasons underlying its sentencing determinations. Those reasons are not only plausible on their face but also responsive to the circumstances of the case — and we are unwilling to disregard them on the strength of arguments woven entirely out of speculation and surmise. Put bluntly, there is no credible foundation on which to rest a conclusion that the district court's sentencing judgments were influenced by an unspoken premise, driven by some improper purpose, or shaped by a mistaken view of the applicable legal principles. On this record, the aggregate sentence was not unreasonable to any degree.

We need go no further. We understand, as did the district court, that the appellant acted out of conviction — but allegiance to a cause, no matter how deeply grounded, does not require endless leniency in sentencing. When a criminal defendant, subject to unambiguous conditions of probation, deliberately flouts them, the rule of law consequences must attach. So it is here — and the cumulative twelve-month

sentence imposed by the district court appears to be a reasonable response to the appellant's stubborn insistence on continuing his chosen course of conduct notwithstanding the constraints imposed by the conditions of his probation.

**Affirmed**.