**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

ANDY JOHN ROWE,

    Defendant - Appellant.

No. 04-1064
(D.C. No. 03-CR-379-N)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

---

    Defendant-Appellant Andy John Rowe appeals following his conviction for

simple assault in violation of 18 U.S.C. §§ 113(a)(5) and 1152. Counsel for Mr.

Rowe has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and

has moved for leave to withdraw as counsel. The government elected not to

respond. Mr. Rowe has not responded, although he was given notice that any

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

response was due by August 13, 2004. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's request to withdraw.

On May 10, 2003, Mr. Rowe struck James Scott in the face with his fist while within the exterior boundaries of the Southern Ute Indian Reservation. Mr. Rowe was subsequently indicted for assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) and 18 U.S.C. §§ 13 and 1152. On February 13, 2004, under the terms of a plea agreement, Mr. Rowe pleaded guilty to an information charging the lesser offense of simple assault under 18 U.S.C. §§ 113(a)(5) and 1152. Although the government recommended a sentence of time served, Mr. Rowe was sentenced to six months imprisonment followed by twelve months of supervised release.

In Anders, the Court recognized that counsel's "role as advocate requires that he support his client's appeal to the best of his ability." 386 U.S. at 744. However, the Court further stated that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. The Court cautioned that such a "request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. In the Anders brief submitted in this case, counsel for Mr. Rowe asserts that there is no basis for appealing the

decision of the lower court. Aplt. Br. at 3. Nevertheless, we must conduct "a full examination of all the proceedings" to determine whether the appeal is "wholly frivolous." Anders, 386 U.S. at 744. If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal. Id.

We conclude there are no meritorious issues before us on appeal. Under the terms of his agreement with the government, Mr. Rowe agreed to plead guilty to simple assault. I R. Doc. 25 at 1. In exchange, the government agreed to dismiss its indictment charging Mr. Rowe with the more serious crime of assault causing serious bodily injury under 18 U.S.C. § 113(a)(6) and to refrain from charging Mr. Rowe with any other criminal offenses arising from the same conduct. Id. at 2. While the government recommended a sentence of time served, the terms of the agreement set out the relevant maximum statutory penalties including not more than six months imprisonment, not more than a $5,000.00 fine, or both, and a $10.00 special assessment fee. Id. The agreement also noted the availability of a term of supervised release of not more than five years pursuant to 18 U.S.C. § 3561. Id.

In that the plea agreement did not set out a specific sentence under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Mr. Rowe can challenge his sentence on appeal if it

(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the

sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range . . . ; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). A violation of 18 U.S.C. § 113(a)(5) is a Class B misdemeanor; as such, it is not encompassed by the United States Sentencing Guidelines. U.S.S.G. § 1B1.9. Thus, 18 U.S.C. §§ 3742(a)(2) and (3) are unavailable to Mr. Rowe in this appeal. Furthermore, because the sentence imposed clearly fell within the range specified under 18 U.S.C. §§ 113(a)(6) and 3561, such sentence was not imposed in violation of law. The district court carefully considered the underlying circumstances of the case and the characteristics and history of the Defendant, II R. Doc. 48 at 8-9, specifically, Defendant's failure to appear, comply with court orders, and prior conditions of supervision. Given our deferential review, see United States v. De Jesus, 277 F.3d 609, 612 (1st Cir. 2002), the sentence was not "plainly unreasonable."

Accordingly, we **DISMISS** the appeal and **GRANT** counsel's request to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge