# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, HARRELL, and KORN
Appellate Military Judges

―――――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Joel GONZALEZ**
Private First Class (E-2), U.S. Marine Corps
*Appellant*

**No. 202500333**

―――――――――――――

Decided: 6 March 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Matthew M. Harris (Arraignment)
Todd J. Gaston (Motions)
David C. Segraves (Trial)

Sentence adjudged 15 April 2025 by a general court-martial tried at Marine Corps Air Station Miramar, California, consisting of a military judge alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 30 months, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Benjamin M. Cook, JAGC, USN*

―――――――――――――

[1] Appellant received 74 days of pretrial confinement credit.

For Appellee:
*Lieutenant Michael G. Osborn, JAGC, USN*

Judge KORN delivered the opinion of the Court, in which Chief Judge DALY and Senior Judge HARRELL joined.

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

KORN, Judge:

A general court-martial composed of a military judge alone convicted Appellant, pursuant to his pleas, of two specifications of conspiracy, three specifications of wrongful disposition of military property, and one specification of larceny of military property, in violation of Articles 81, 108, and 121, Uniform Code of Military Justice (UCMJ).[2] The military judge sentenced Appellant to reduction to pay grade E-1, confinement for 30 months, and a bad-conduct discharge (BCD).[3]

Appellant raises four assignments of error (AOE):

> **I. Whether Appellant's sentence of thirty months' confinement is plainly unreasonable where the trial counsel refused to issue a substantial assistance letter in bad faith.**
>
> **II. Whether Appellant's sentence of a bad-conduct discharge is plainly unreasonable where the military judge recommended it be suspended if Appellant provided substantial assistance.**
>
> **III. If the Court denies issue I, then whether Appellant is improvident to his plea agreement because he did not agree that the trial counsel could decide to withhold the**

_____

[2] 10 U.S.C. §§ 881, 908, 921.

[3] The military judge recommended suspension of the BCD if Appellant provided substantial assistance to the Government.

**substantial assistance letter in bad faith or for no legitimate reason.**

**IV. If the Court denies issue I, then whether the first military judge impermissibly interfered in the plea bargain process when he directed the parties to modify the plea agreement by changing the substantial assistance paragraph from trial counsel "will" provide the letter to trial counsel "may" provide the letter.**

We find merit in AOE I and set aside all confinement in excess of eight months. This relief moots AOEs III and IV. On AOE II, we find that a sentence of a BCD was not plainly unreasonable.[4]

# I. BACKGROUND

Appellant was assigned as an "expeditor," meaning he was responsible for ensuring that his helicopter squadron was effectively supplied. Burdened with outstanding debt, requiring costly car repairs, and facing an impending administrative separation that would result in the loss of his income, Appellant took advantage of limited supervisory oversight of his duties to use his position to unlawfully supplement his income. Coordinating with another expeditor in his unit, he ordered a surplus of aviation headsets which retail for more than $1,200 each, then stole the headsets and sold them privately.

Eventually Appellant's misconduct came to light. During the ensuing investigation, Appellant admitted to conspiring to steal and wrongfully dispose of military property, and to stealing and wrongfully disposing of military property. He further told investigators about widespread abuse of the command's purchase and supply system. Pursuant to a plea agreement (PA) with the convening authority (CA), Appellant agreed to plead guilty, to testify truthfully if called as a witness against "any other individual(s) who may be subsequently charged or investigated," to "cooperate with the investigation(s) into those persons . . . who may be subsequently charged or investigated," and to "fully and

---

[4] We commend the efforts of all parties to process this case in a timely fashion. Appellate defense counsel not only submitted Appellant's Brief and Reply in near-record time, but also submitted a request for speedy post-trial review. To his credit, Government counsel did not oppose that request and also rapidly submitted Appellee's Answer. That allowed this Court, thanks to the significant efforts of our staff, to decide Appellant's case in time to provide meaningful relief.

truthfully cooperate in . . . interviews with appropriate law enforcement authorities and the trial counsel . . . and to enter into a mutually agreeable written proffer of [ ] testimony . . . ."[5]

Appellant and the CA initially agreed to a PA which included the following clause:

> If trial counsel determines that I provided substantial assistance in accordance with this agreement, a memo documenting such substantial assistance *shall* be prepared by the trial counsel and provided to the convening authority. Upon receipt of such substantial assistance letter, the convening authority agrees to . . . reduce the confinement to at minimum six (6) months . . . .[6]

The military judge, however, informed the parties that he did not believe a PA could require the trial counsel to provide a substantial assistance letter.[7] Based on the military judge's views, the parties revised the PA, changing the clause at issue to "[I]f I provide substantial assistance . . . the trial counsel . . . *may* make a recommendation to the convening authority that my confinement be reduced to 8 months . . . ."[8]

Although discretion rested with trial counsel to determine whether Appellant provided "substantial assistance," the following facts about the specific assistance Appellant provided are uncontroverted in the record: Appellant participated in three separate proffer interviews with Naval Criminal Investigative Service agents and trial counsel, lasting approximately 11 combined hours; he submitted a written proffer describing the involvement of 14 different Marines who allegedly stole military property and detailing the manner in which they were able to manipulate the acquisition system; he provided access to a binder he previously created that served as a user guide on the acquisition

---

[5] App. Ex. VIII.

[6] First PA, Appellant's Mot. to Attach (MTA), App'x A, Encl. (2) at 8 (Jan. 7, 2025) (emphasis added). The Court granted in part Appellant's MTA on 5 December 2025.

[7] Email from MJ to Counsel, Subject: PTA ICO Gonzalez (Jan. 30, 2025 @ 18:51), MTA, App'x A, Encl. (3); Decl. of trial defense counsel (Nov. 12, 2025), MTA, App'x A at 2. Rule for Courts-Martial (R.C.M.) 1109(e)(2) reads, in pertinent part, "The recommendation of trial counsel [regarding reduction of a sentence for substantial assistance by the accused] is the decision of trial counsel alone. No person may direct trial counsel to make or not make such a recommendation."

[8] Decl. of trial defense counsel (Nov. 12, 2025), MTA, App'x A at 2; App. Ex. VIII at 9 (emphasis added).

system; and he provided full access to his cellular devices and explained how various messages and financial transactions related to the misconduct.[9]

Neither of the trial counsel ultimately assigned to Appellant's case elected to provide the CA with a substantial assistance letter. The CA, thereby unable to reduce Appellant's adjudged confinement,[10] approved Appellant's sentence as adjudged, including the 30 months of confinement, as opposed to the 8 months of confinement the CA would have been required to approve if trial counsel had submitted a substantial assistance letter.

On appeal, Appellant moved to attach certain items to the record, and the Government did not oppose the motion. We granted Appellant's motion in part, attaching a declaration from trial defense counsel, which included as enclosures Appellant's written proffer to the Government, the initial PA, and an email from the military judge expressing concern over the provision in the initial PA requiring trial counsel to provide a substantial assistance letter. Appellant also moved this Court to compel a declaration from trial counsel explaining why he elected not to provide the substantial assistance letter. The Government opposed this motion, and we denied it, making the Defense declaration the sole and unchallenged evidence in the record on this issue.

Upon initial review of the record, it was evident to this Court that when the CA took action on the case, he believed that Appellant had not yet provided the agreed-upon assistance to the Government. The CA therefore elected not to suspend the adjudged BCD, commenting that he may reconsider that decision "if and when the Accused provides the substantial assistance as required by the [PA] . . . ."[11] We determined that the CA should have the opportunity to consider whether the assistance Appellant had already provided at the time the CA took action was sufficient to merit suspension of the BCD, as recommended by the military judge. We therefore set aside the Entry of Judgment (EOJ), the Staff Judge Advocate Review (SJAR) and the Convening Authority Action (CAA), and returned the record to the CA for a new SJAR and CAA.[12] The CA then acted, suspending the BCD for a period of 6 months, noting "I

---

[9] Decl. of trial defense counsel (Nov. 12, 2025), MTA, App'x A.

[10] *See* R.C.M. 1109(e)(2) ("A [CA] may reduce the sentence of an accused under this subsection only upon the recommendation of trial counsel who prosecuted the accused.")

[11] Convening Authority Action (May 6, 2025).

[12] Order Setting Aside Staff Judge Advocate Review, Convening Authority Action, and Entry of Judgment (Dec. 22, 2025).

have determined that the Accused provided substantial assistance to the Government in accordance with the plea agreement."[13] The military judge signed a new EOJ and returned the record to this Court.

## II. DISCUSSION

### A. The sentence of 30 months of confinement is plainly unreasonable.

Congress amended Article 66 in the National Defense Authorization Act for Fiscal Year 2022, adjusting the lens through which courts of criminal appeals review sentencing.[14] For offenses committed since 28 December 2023, we review whether a sentence is plainly unreasonable.[15] Although there is a dearth of military case law defining the "plainly unreasonable" standard,[16] the *Manual for Courts-Martial* suggests that the phrase "plainly unreasonable" should be given its plain meaning.[17] The plain meaning of "plainly unreasonable" is clearly or obviously unfair or unacceptable.[18]

*1. The absence of a substantial assistance letter does not preclude this Court from reviewing Appellant's sentence*

Trial counsel did not document anywhere in the record whether he made a determination about the substantiality of Appellant's assistance, or if he elected not to submit the substantial assistance letter for other reasons. And as stated above, the Government opposed this Court seeking clarification or additional facts from trial counsel. What is clear from the record, though, is

---

[13] Convening Authority Action (Jan. 20, 2026).

[14] Pub. L. No. 117-81, § 539E, 135 Stat. 1541, 1700-06 (2021).

[15] Article 66, UCMJ, 10 U.S.C. § 866.

[16] Federal civilian courts have addressed the "plainly unreasonable" standard in the sentencing guidelines context and have consistently applied a highly deferential standard of review. *See, e.g., Gall v. United States*, 552 U.S. 38, 51-53 (2007); *United States v. Robertson*, 648 F.3d 858, 859-60 (7th Cir. 2011); *United States v. De Jesus*, 277 F.3d 609, 612 (1st Cir. 2002).

[17] *See Manual for Courts-Martial, United States* (2024 ed.), app'x 15, Analysis of the Composition of the Manual, the Preamble, and the Rules for Courts-Martial at A15-29 ("R.C.M. 1117(e), which provided a standard for what is 'plainly unreasonable,' is removed, thereby enabling the application of those words according to their plain language as provided in Article 66(e).").

[18] Cambridge Dictionary, *Plainly*, https://dictionary.cambridge.org/dictionary/english/plainly (last visited Feb. 26, 2026); Cambridge Dictionary, *Unreasonable*, https://dictionary.cambridge.org/dictionary/english/unreasonable (last visited Feb. 26, 2026).

that despite Appellant's considerable efforts to assist the Government, trial counsel elected not to provide the CA with a substantial assistance letter. Because trial counsel had the authority to determine whether Appellant provided "substantial assistance,"[19] we will not make a finding here whether the significant and comprehensive assistance that Appellant provided to the Government was "substantial." Even had trial counsel determined that Appellant's assistance was substantial, R.C.M. 1109(e)(2) still vested trial counsel with the discretion whether to recommend that the CA reduce Appellant's sentence.[20]

Although we lack the authority to provide relief were we to disagree with trial counsel's decision not to submit a substantial assistance letter to the CA,[21] that does not prohibit further inquiry by this Court. We still have the statutory authority to determine whether Appellant's sentence is plainly unreasonable.[22] It is. For even though trial counsel did not find that Appellant's outsized efforts to assist the Government merited submission of a letter which would have reduced his confinement by the agreed-upon 22 months, we conclude that Appellant's efforts factor meaningfully into our consideration of whether his sentence is plainly unreasonable.[23]

---

[19] R.C.M. 1109(e)(2).

[20] *Id.*

[21] Military courts have reviewed cases involving R.C.M. 1109(e)(2) for ineffective assistance of counsel when defense failed to seek a substantial assistance letter, and for unlawful command influence to determine whether trial counsel was improperly influenced in the decision not to submit a letter, but courts have not reviewed the reasonableness of trial counsel's decision not to submit a substantial assistance letter. *See, e.g.*, *United States v. Nina*, 2023 CCA LEXIS 523 (N-M. Ct. Crim. App. 2023) (unpublished); *United States v. Bocage*, 2022 CCA LEXIS 311 (N-M. Ct. Crim. App. 2022) (unpublished); *United States v. Naughton*, 2022 CCA LEXIS 606 (N-M. Ct. Crim. App. 2022) (unpublished); *United States v. Lepore*, 2020 CCA LEXIS 21, (A.F. Ct. Crim. App. 2020) (unpublished). *See also Wade v. United States*, 504 U.S. 181, 185-86 (1992) (holding that courts can review the Government's refusal to file such a motion only when there is an allegation and a "substantial threshold showing" that the Government's refusal is based on an "unconstitutional motive," such as "race or religion," or the refusal is "not rationally related to any legitimate Government end.").

[22] Article 66(e).

[23] Notably, previous versions of R.C.M. 1117 included a standard for the term "plainly unreasonable" (in the context of appeals of sentences by the United States under R.C.M. 1117): "A sentence is plainly unreasonable if no reasonable sentencing authority would determine such a sentence *in view of the record before the sentencing authority at the time the sentence was announced* under R.C.M. 1007" (emphasis added). *Manual for Courts-Martial, United States* (2023 ed.). However, the President

*2. Reasonableness of Appellant's sentence to confinement*

Appellant's misconduct was substantial. He brazenly abused his position as a squadron expeditor for profit, exploiting identified oversight gaps. His crimes had the potential to detrimentally impact the mission. Once apprehended, he admitted his wrongdoing and agreed to plead guilty in exchange for various considerations by the CA. This is a standard and unremarkable tale, and in most instances we would be loath to find a bargained-for sentence which falls inside the sentencing parameters plainly unreasonable.[24] But Appellant's situation is noteworthy for what he did after he was caught. The assistance Appellant provided to the Government dramatically modifies the way this Court views Appellant's case, overcoming the strong presumption that a bargained-for sentence is not plainly unreasonable. That is because Appellant's assistance not only related directly to his offenses, but was also an explicit part of a contractual plea agreement between him and the Government. Therefore, because of the specific facts of this case, considering this offender's crimes and the assistance he willingly provided to hold other offenders accountable and prevent similar future misconduct, 30 months of confinement is clearly unfair and is thus plainly unreasonable. We therefore set aside all confinement in excess of eight months.

**B. The sentence of a BCD is not plainly unreasonable.**

As stated above, Appellant committed substantial misconduct by abusing his position for profit. Even accounting for the assistance he provided to the Government, Appellant's crimes merited a punitive discharge, and a BCD (suspended or not) is not a plainly unreasonable sentence. We therefore do not disturb this portion of the sentence.

---

removed that standard from the 2024 edition of the *Manual for Courts-Martial*, "thereby enabling the application of those words according to their plain language in Article 66(e)." App'x 15, Analysis of the Composition of the Manual, the Preamble, and the Rules for Courts-Martial at A15-29. This change removed the prohibition on this Court from considering facts in the record that were not before the sentencing authority at the time the sentence was announced.

[24] *See United States v. Avellaneda*, 84 M.J. 656, 663 (N-M. Ct. Crim. App. 2024) (finding that an accused bargaining for a specific sentence is strong evidence that the sentence is not inappropriately severe).

### III. CONCLUSION

We **SET ASIDE** all confinement in excess of eight months and affirm the remainder of Appellant's sentence. After careful consideration of the record and briefs of appellate counsel, we have determined that the findings are correct in law and that no additional error materially prejudicial to Appellant's substantial rights occurred.[25] The findings and the modified sentence are **AFFIRMED**. We note that the EOJ does not fully comply with R.C.M. 1111(b)(2). Although it memorializes that the CA suspended the BCD, it fails to note that the CA suspended the BCD for a period of six months from the EOJ, at which time, unless the suspension is sooner vacated, it will be remitted without further action. Therefore, in accordance with R.C.M. 1111(c)(2), we modify the EOJ and direct that it be included in the record.

---

[25] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.

HARRELL, S.J. (concurring):

Trial defense counsel declared under penalty of perjury that trial counsel provided the following justifications for not submitting a substantial assistance letter to the convening authority, which was unchallenged by the Government:

> Trial Counsel informed us that the information that [Appellant] provided was not sufficient enough to seek a subpoena to request [the co-conspirator]'s Instagram records. Trial Counsel further informed us that even still, the command had not issued Requests for Legal Services for the cases of [the co-conspirator and the other Marine named in Appellant's substantial assistance agreement], therefore if [Appellant] would be released from the brig prior to their charges occurring, then they did not think that [Appellant] would appear in court. Trial Counsel informed us that they believe that if he were released from the brig then he would not comply with a federal subpoena to appear and testify in court.[1]

I do not endeavor to assess the criticality of a subpoena for the co-conspirator's Instagram records or, for that matter, the criticality of Appellant's assistance in issuing one. Such an exceedingly narrow evaluation of substantial assistance is conspicuous, though. I would nevertheless defer to trial counsel's discretion if that were all, but the follow-on justification demonstrates that no amount or quality of assistance by Appellant would have been enough to earn trial counsel's recommendation for reduction of Appellant's sentence to confinement. That is because of the trump card: Appellant must stay put behind bars so that he cannot possibly evade testifying against others, despite his contractual agreement to testify truthfully if called as a witness. In other words, the Government's convenience in procuring Appellant's testimony—should it ever become necessary—outweighs any confinement relief to Appellant specifically contemplated in his plea agreement. Any potential benefit to be gained by Appellant through the negotiated substantial assistance provision proved illusory.

There may be more to the story, but again, the Government opposed seeking trial counsel's input, thus declining an opportunity to protect its record. Given this state of the record and the prejudice to Appellant that compounds with each passing day, I conclude that trial counsel's refusal to provide a substantial assistance letter to the convening authority was "not rationally related

---

[1] Decl. of trial defense counsel (Nov. 12, 2025), Appellant's Mot. to Attach, App'x A at 4.

to any legitimate Government end."[2] This factors into my conclusion, in agreement with the majority, that Appellant's sentence to confinement of 30 months is plainly unreasonable.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[2] *Wade v. United States*, 504 U.S. 181, 186 (1992). I make other conclusions along the way: A trial counsel's refusal to make a "substantial assistance" recommendation for reduction of a sentence is not unreviewable, as the Government contends. Answer at 23. Pursuant to *Wade*, we may review such discretionary action upon a "substantial threshold showing" that it was either "based on an unconstitutional motive," such as race or religion, or it "was not rationally related to any legitimate Government end." 504 U.S. at 185–86.

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202500333 |
| v. | **ENTRY OF JUDGMENT** |
| **Joel GONZALEZ** Private First Class (E-2) United States Marine Corps *Accused* | *As Modified on Appeal* **6 March 2026** |

On 15 April 2025, the Accused was tried at Marine Corps Air Station Miramar, California, by a military judge sitting alone as a general court-martial. Military Judge David C. Segraves presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I: Violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1: (Conspiracy)** In that Private First Class Joel Gonzalez, U.S. Marine Corps, did, at or near San Diego, California, between on or about 23 January 2024 and on or about 30 April 2024, conspire with Lance Corporal L. L., to commit an offense under the Uniform Code of Military Justice, to wit: Violation of Article 108, wrongful disposition of military property of a value over $1,000, and in order to effect the object of the conspiracy the said Private First Class Joel Gonzalez and Lance Corporal L. L. did:

-exchange communications regarding the ordering of Peltor headsets;
-place orders for Peltor headsets;
-discuss hiding Peltor headsets;

-physically obtain Peltor headsets
-discuss selling Peltor headsets;
-sell Peltor headsets.

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 2: (Conspiracy)** In that Private First Class Joel Gonzalez, U.S. Marine Corps, did, at or near San Diego, California, between on or about 23 January 2024 and on or about 30 April 2024, conspire with Lance Corporal L. L., to commit an offense under the Uniform Code of Military Justice, to wit: Violation of Article 121, larceny, of military property of a value over $1,000, and in order to effect the object of the conspiracy the said Private First Class Joel Gonzalez and Lance Corporal L. L. did:

-exchange communications regarding the ordering of Peltor headsets;
-place orders for Peltor headsets;
-discuss hiding Peltor headsets;
-steal Peltor headsets
-discuss selling stolen Peltor headsets;
-sell stolen Peltor headsets.

*Plea:* Guilty.

*Finding:* Guilty.

**Charge II:** Violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908.

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 1: (Wrongful Disposition of Military Property)** In that Private First Class Joel Gonzalez, U.S. Marine Corps, did, at or near San Diego, California, on or about 1 May 2024, without proper authority, sell four (4) Peltor headsets, of a value over $1,000, military property of the United States.

*Plea:* Guilty.

*Finding:* Guilty.


**Specification 2: (Wrongful Disposition of Military Property) In that Private First Class Joel Gonzalez, U.S. Marine Corps, did, at or near San Diego, California, on or about 1 May 2024, without proper authority, sell one (1) Peltor headset, of a value over $1,000, military property of the United States.**

   *Plea:* Guilty.

   *Finding:* Guilty.


**Specification 3: (Wrongful Disposition of Military Property) In that Private First Class Joel Gonzalez, U.S. Marine Corps, did, at or near San Diego, California, on or about 6 May 2024, without proper authority, sell two (2) Peltor headsets, of a value over $1,000, military property of the United States.**

   *Plea:* Guilty.

   *Finding:* Guilty.


**Charge III:   Violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908.**

   *Plea:* Guilty.

   *Finding:* Guilty.

**Sole Specification: (Larceny) In that Private First Class Joel Gonzalez, U S. Marine Corps, did, at or near San Diego, California, on divers occasions, between on or about 23 January 2024 and on or about 6 May 2024, steal Peltor headsets, military property, of a value over $1,000, the property of the United States**

   *Plea:* Guilty.

   *Finding:* Guilty.

## SENTENCE

On 15 April 2025, the military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement**

**For Specification 1 of Charge I:**

**confinement for 30 months**

**For Specification 2 of Charge I:**

**confinement for 30 months.**

**For Specification 1 of Charge II:**

**confinement for 30 months.**

**For Specification 2 of Charge II:**

**confinement for 30 months.**

**For Specification 3 of Charge II:**

**confinement for 30 months.**

**For the Sole Specification of Charge Ill:**

**confinement for 30 months.**

**The terms of confinement will run concurrently**

**Confinement for a total of 30 months.**

**A bad-conduct discharge.**

**The Accused shall be credited with 74 days of pretrial confinement credit.**

On 20 January 2026, the convening authority suspended the bad-conduct discharge for a period of six months from the date of the entry of judgment (29 January 2026), at which time, unless the suspension is sooner vacated, it will be remitted without further action.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

4