*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and GERRITY
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Samuel SANCHEZ**
Private First Class (E-2), U.S. Marine Corps
*Appellant*

**No. 202500114**

_____

Decided: 28 May 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
David C. Segraves (Arraignment)
Todd J. Gaston (Trial)

Sentence adjudged 14 November 2024 by general court-martial tried at Marine Corps Air Station Miramar, San Diego, California, consisting of military judge alone. Sentence in the Entry of Judgment: confinement for 12 years, reduction to paygrade E-1, forfeiture of all pay and allowances, and a dishonorable discharge.[1]

---

[1] The sentence includes pretrial confinement credit of 206 days. Appellant submitted a clemency request to the convening authority to defer and suspend the reduction to E-1, which the convening authority denied.

For Appellant:
*Captain Dennis T. Scanlon, USMCR*

For Appellee:
*Commander James M. Belforti, JAGC, USN*
*Captain Jacob R. Carmin, USMC*

Judge GERRITY delivered the opinion of the Court, in which Chief
Judge DALY and Senior Judge GROSS joined.

————————————

**This opinion does not serve as binding precedent but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

————————————

GERRITY, Judge:

Appellant raises one assignment of error: whether Appellant's sentence of 144 months of confinement was plainly unreasonable in light of extenuation and mitigation evidence and when compared to other unrelated cases involving at least a similar offense.[2] We find the sentence is not plainly unreasonable, is in fact reasonable, find no prejudicial error, and affirm the findings and sentence.

Appellant was convicted, in accordance with his pleas, of two specifications of sexual abuse of a minor involving indecent communications and one specification each of possession and production of child pornography, in violation of Articles 120b and 134 of the Uniform Code of Military Justice (UCMJ).[3] There were multiple child victims, known and unknown.

Appellant's conduct occurred after the changes to the UCMJ that implemented sentencing parameters and sentencing by the military judge in all noncapital cases. The change in law requires that military judges sentence a convicted servicemember to confinement within a range dependent on offenses, known as the sentencing parameters. Military judges may deviate from the

---

[2] The sentence was not inappropriately severe as the sentence was not above the sentencing parameters, and there was no claimed error in calculating the sentencing parameter. 10 U.S.C. § 866(e)(1)(B); Appellant's Brief at 7–9.

[3] 10 U.S.C. §§ 920b, 934.

parameters but must include an explanation for any deviation that is reviewable on appeal.

Appellant, who was represented by counsel, negotiated a plea agreement with the Office of Special Trial Counsel that included total confinement would be adjudged between 60 and 180 months to run concurrently. The total confinement adjudged was 144 months, which was within the plea agreement and the sentencing parameters.

The following chart provides relevant information for confinement in months for each of the specifications to which Appellant pleaded guilty:

| Specification | Maximum Authorized by the UCMJ | Plea Agreement | Sentencing Parameters | Adjudged Segmented Confinement |
|---|---|---|---|---|
| 134 (production of child pornography | 360 | 60–180 | 120–240 | 144 |
| 134 (possession of child pornography) | 120 | 36 | 1–36 | 36 |
| 120b (sexual abuse of a child) | 180 | 60–120 | 30–120 | 60 |
| 120b (sexual abuse of a child) | 180 | 60–120 | 30–120 | 84 |

## I. BACKGROUND

Appellant's crimes occurred in April 2024 when Appellant was 19 years old. He used various messaging applications on his phone to find children with the intent of grooming them and convincing them to send him sexually explicit photos of themselves.[4] There were two known victims in this case, 13 and 14 years of age. Appellant knew both of their ages and communicated indecent and sexually explicit language as part of his scheme to obtain sexually explicit images of children. In addition to the two known victims, there were also multiple unknown child victims. Based on his requests, instructions, and guidance, Appellant received multiple sexually explicit images from various children.[5]

---

[4] R. at 39–41; Pros. Ex. 3 at 1.

[5] R. at 41–59, 64, 69; Pros. Ex. 1 at 9.

Appellant admitted to using these images for his sexual gratification.[6] He kept these images and approximately 100 other sexually explicit images of various children on his phone.[7] One of these images from December 2023 on his phone depicted him recording himself and a 16-year old child having sexual intercourse.[8] He told investigators that he preferred children around 14 years of age.[9]

Appellant was caught when one child victim snuck out of her house at night to meet him. The two met in person. The victim's family tried to locate her, and eventually Appellant dropped the victim off near her residence. The family then reviewed her phone and contacted law enforcement. Appellant was interviewed by NCIS agents, confessed, and cooperated. He consented to the agents searching his phone, which provided details of the crimes against the child as well as additional crimes. Appellant was placed in pretrial confinement where he remained until his plea hearing.

Appellant, with the assistance of his counsel, negotiated a plea agreement for all charges and specifications. Following the providence inquiry, the military judge accepted Appellant's voluntary pleas and found him guilty of all specifications of both charges, in accordance with his pleas. During the plea colloquy, the military judge confirmed multiple times that Appellant fully understood the plea agreement and its terms, which included a sentencing range of 60 to 180 months of confinement, and that Appellant was aware that the maximum sentence under the UCMJ was 840 months. The military judge also confirmed that Appellant had thoroughly discussed the decision to enter into the plea agreement and its terms with his counsel, to include an explanation of the sentence limitation portion of the agreement. After reviewing the plea agreement with Appellant, the military judge accepted the agreement.[10] Consistent with the plea agreement, the military judge sentenced Appellant to 144 months confinement, which was within the plea agreement and the sentencing parameter range.[11]

Key examples of Appellant's extenuation and mitigation were:

---

[6] Pros. Ex. 3.

[7] R. at 79–80.

[8] R. at 72-73; Pros. Ex. 1 at 11.

[9] Pros. Ex. 3 at 1.

[10] R. at 120.

[11] R. at 200; App. Ex. XII.

- waiving of the pretrial confinement Initial Review Officer hearing;

- waiving of the Article 32 hearing;

- confessing when confronted by law enforcement;

- cooperating by allowing a search of his cell phone;

- pleading guilty; and

- stating in his unsworn statement that he was blackmailed as a child once after sending a sexually explicit picture of himself; he has been active in the church while in pretrial confinement; he was diagnosed as a sex addict, and he wanted treatment.

The military judge had the option to recommend clemency but chose not to. Further, the military judge could have rejected the plea agreement as plainly unreasonable under Article 53a, UCMJ, as anything less than 120 months was outside the sentencing parameters range.[12] The military judge did not do so, thereby implicitly indicating that he was open to the full range of the plea agreement. All parties agreed the sentence was within the range of the plea agreement.[13]

## II. DISCUSSION

### A. Plainly Unreasonable Sentence

Appellant only raises the issue of whether the confinement portion of the sentence is plainly unreasonable based on extenuation and mitigation and when compared to other unrelated cases involving at least one similar offense. Congress amended Article 66, UCMJ, in the National Defense Authorization Act for Fiscal Year 2022, adjusting the lens through which Courts of Criminal Appeals (CCAs) review sentencing.[14] In considering a sentence on appeal under Article 66, CCAs may evaluate the sentence for UCMJ offenses occurring

---

[12] 10 U.S.C. § 853a(b)(1) authorizes a military judge to reject a plea agreement if the agreement proposes a sentence that is outside the sentencing parameter and if the military judge determines the sentence proposed in the agreement is plainly unreasonable. Here, production of child pornography is a category 4 offense with an established range of 120–240 months of confinement.

[13] R. at 201.

[14] The former Article 66, UCMJ, "should be approved" review authority for consideration of sentences was removed for offenses committed on or after 28 December 2023. *See* National Defense Authorization Act for Fiscal Year 2022, Pub. L. No. 117-81, § 539E, 135 Stat. 1541, 1700–06 (2021).

on or after 28 December 2023 as to "whether the sentence is plainly unreasonable."[15]

Our superior court has not defined the "plainly unreasonable" standard in this context. Although the Manual for Courts-Martial previously included a definition for "plainly unreasonable" in the context of a government appeal of a sentence, this definition was removed in the 2024 Manual for Courts-Martial.[16] Recognizing that the prior definition was removed, and without a new definition, we look to the plain meaning of "plainly unreasonable." We note that the Military Justice Review Group (MJRG) reported that "[t]he term 'plainly unreasonable' is taken from 18 U.S.C. § 3742 and is intended to provide substantial deference to the trial judge."[17] Additionally, the MJRG reported that "[i]n determining whether a sentence is plainly unreasonable, a Court of Criminal Appeals could, but would not be required to, presume that a sentence within a sentencing parameter is reasonable. The core of the subsection is taken from 18 U.S.C. § 3742, modified for military practice and reflecting the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005)."[18] In applying 18 U.S.C. § 3742 for federal sentencing, federal civilian courts have held a highly deferential standard of review for a "plainly unreasonable" sentence.[19]

While there are some variances in sentencing mandates between military and federal civilian courts, in interpreting what is meant by plainly unreasonable, civilian courts have clarified that Congress intends there to be a distinction between "unreasonable" and "plainly unreasonable." Specifically, the word "plainly" is not just "surplusage" but was meant to modify "unreasonable," indicating a more stringent standard.[20] Therefore, as the Fourth Circuit held in

---

[15] 10 U.S.C. § 866(e)(1)(D).

[16] R.C.M. 1117(e), *Manual for Courts-Martial, United States* (2019 ed.) ("*Standard.* A sentence is plainly unreasonable if no reasonable sentencing authority would adjudge such a sentence in view of the record before the sentencing authority at the time the sentence was announced under R.C.M. 1007.").

[17] Office of the General Counsel, Dep't of Defense, *Report of the Military Justice Review Group Part I: UCMJ Recommendations*, at 619 (Dec. 22, 2015).

[18] *Id.* at 1235.

[19] *See, e.g., Gall v. United States*, 552 U.S. 38, 51–53 (2007); *United States v. Robertson*, 648 F.3d 858, 859–60 (7th Cir. 2011); *United States v. De Jesus*, 277 F.3d 609, 612 (1st Cir. 2002).

[20] *See United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

*United States v. Crudup*, determining whether a sentence is "plainly unreasonable" begins with an analysis of whether the sentence was "unreasonable."[21]

"Unreasonable" is defined as "[n]ot guided by reason; irrational or capricious."[22] In other words, this means assessing whether the sentence adjudged lacks common sense or a rational legal basis. If this Court determines the sentence was reasonable, then further analysis is unnecessary. Only if the sentence is determined to be unreasonable do we then examine whether it was "plainly" so. Consistent with the jurisprudence of our superior court and that of federal civilian courts, we define "plain" to mean "clear or obvious," which is taken from our plain error analysis.[23] We will apply this to guide our review.

Appellant also argues that sentence comparison should be a factor when analyzing whether a sentence is plainly unreasonable. We question whether, in light of the significant changes to Article 66, UCMJ, we are still required to conduct a sentence comparison with other closely related cases; however, assuming arguendo that the requirement for sentencing comparison is still required, we will address this issue first, and then the overall question of whether this sentence is plainly unreasonable.

Appellant raised what he contends are comparable cases, though the only similarities between his and those cases are UCMJ charges of production of child pornography. Appellant listed a sample of eight alleged comparison cases from the Navy and Marine Corps, with no specific facts. The cases had an average sentence of 107 months for the charge of solicitation and/or production of child pornography.[24] Generally speaking, neither the prior Article 66, UCMJ, nor case law required us to engage in sentence comparison with specific cases.[25] However, this general rule was subject to one exception: we were required to engage in sentence comparison in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate

---

[21] *Id.*

[22] *Unreasonable*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[23] *See United States v. Cole*, 84 M.J. 398, 404 (C.A.A.F. 2024) (citing *United States v. Bodoh*, 78 M.J. 231, 236 (C.A.A.F. 2019)); *See also Crudup*, 461 F.3d at 439.

[24] Appellant's Brief at 13–14. Appellant included solicitation offenses as part of the comparison, but he was not charged with a solicitation offense.

[25] *See United States v. Swisher*, 85 M.J. 1, 6 (C.A.A.F. 2024); *Behunin*, 83 M.J. 158, 161–62 (C.A.A.F. 2023); *see also United States v. Noble*, 50 M.J. 293, 294 (C.A.A.F. 1999).

sentences adjudged in closely related cases.[26] It is in this context of our sentence comparison requirements that the Court of Appeals for the Armed Forces (CAAF) has spelled out the analytical approach under the previous statute when confronted with a claim that the sentences in two cases are disparate.

> [A]n appellant bears the burden of demonstrating that any referenced cases are "closely related" to his or her case and that the sentences are "highly disparate." If the appellant meets that burden, or if the court raises the issue on its own motion, then the Government must show that there is a rational basis for the disparity.[27]

In *United States v. Lacy*, the CAAF explained that cases are "closely related" when, for example, they include "[1] coactors involved in a common crime, [2] servicemembers involved in a common or parallel scheme, or [3] some other direct nexus between the servicemembers whose sentences are sought to be compared."[28]

Without determining if comparable cases should be a part of a plainly unreasonable review when the sentence is below or within the sentence parameters and within the plea agreement range, we find that Appellant has not met his burden. Merely citing cases that had one similar charge and the overall sentence, without more, is not enough. Even if it were, Appellant concedes that the average confinement for eight cases since 2023, many of which were likely under prior rules, was 107 months and two of those cases were equal to, or more than the 144 months that Appellant was sentenced to. Further, we note that Appellant was charged with multiple crimes including production of child pornography and under the sentencing parameters, 120 months is the minimum for production of child pornography alone.

Applying this standard to the current case, and under the unique facts of this case, we have no trouble concluding that the sentence was reasonable under any standard of review, even considering the extenuation and mitigation and the cases Appellant cited as comparable.

The sentence has a rational legal basis. Appellant admitted that he preferred children who were 14 years old. He not only preferred pornography involving children; he victimized them. He groomed multiple children and caused them to produce and send sexually explicit images to him. He possessed a video

---

[26] *Swisher*, 85 M.J. at 6.

[27] *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999).

[28] *Id.*

of himself having sex with a 16-year-old. He kept approximately 100 sexually explicit images of children on his phone for his sexual gratification. He pleaded guilty to sexually abusing two children. His victims, one of whom was a military dependent, and their families suffered because of his actions.

Appellant did accept responsibility but only after a victim's family contacted law enforcement. He also waived processes, pleaded guilty, and expressed in his unsworn statement his desire for treatment.

Appellant's sentence was 36 months below the maximum he agreed to under the plea agreement and 96 months below the maximum concurrent sentencing parameters. The adjudged sentence was in accordance with the plea agreement that Appellant, with counsel, bargained for.[29]

In reviewing the entire record, a sentence of 144 months confinement in addition to the rest of the sentence is reasonable, reflects the seriousness of the offenses, promotes adequate deterrence, and is in accord with the principles of sentencing.[30]

### III. CONCLUSION

Accordingly, after careful consideration of the record and briefs of appellate counsel, we do not find this sentence unreasonable, let alone plainly unreasonable.[31] The findings are correct in law, the sentence is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[29] *United States v. Avellaneda,* 84 MJ 656, 663 (N-M. Ct. Crim. App. 2024) ("[A]lthough not dispositive, when an accused who is represented by competent counsel bargains for a specific sentence, that is strong evidence that the sentence is not inappropriately severe and it will likely not be disturbed on appeal.").

[30] *See* Rule for Courts-Martial 1002(c)(3).

[31] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.